**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **BOARD OF TRUSTEES SHEET METAL WORKERS' NATIONAL PENSION FUND,** *et al.* | |
| **Plaintiffs,** | **Case No.** 1:22-cv-1294-PTG-WEF |
| **v.** | |
| **NEW YORK CHUTES, LLC,** | |
| **Defendant.** | |

## DECLARATION OF DIANA M. BARDES

1.      I make this Declaration in support of the request for attorneys' fees and costs contained in Plaintiffs' Motion for Default Judgment and Brief in Support against New York Chutes, LLC ("NY Chutes").

2.      I am a partner of the firm Mooney, Green, Saindon, Murphy, & Welch, P.C. in my twelfth year of practice. I was assisted in this case by Lauren P. McDermott, a partner, and Caitlin Cooper, a paralegal.

3.      Counsel maintains contemporaneous records of time spent on each case broken down into tenths of an hour.

4.      Plaintiffs seek attorneys' fees in this action under Section 502(g)(2) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(g)(2), and the terms of the Funds' Trust Document, a copy of which is attached as Exhibit 5 to the Declaration of Robert Geisler.

5.      The attorneys' fees in this matter are $10,680.00 based on 46.8 hours of counsel time spent at a pre-litigation hourly rate of $250.00 per hour for partners, a litigation rate of $275.00 per hour for partners, and a litigation rate of $150.00 per hour for paralegals. Time spent

by counsel includes researching legal theories, drafting and filing the complaint, arranging for service of process, reviewing Defendant's answer, preparing a motion to strike the answer, preparing a joint discovery plan in accordance with the Court's scheduling order, corresponding with the Court and Defendant, drafting and filing the amended complaint, drafting and filing clerk's entry of default, reviewing the magistrate judge's report and recommendations, and drafting the motion for default judgment on the Amended Complaint and supporting documents.

6.      Plaintiffs are not seeking attorneys' fees for time spent drafting and filing the Plaintiffs' first motion for default judgment, *see* Dkt. Nos. 31 and 32, duplicative portions of drafting and filing Plaintiffs' second motion for default judgment, *see* Dkt. Nos. 39 and 40, or attending the motion for default judgment hearings held on April 21, 2023 and September 22, 2023. This totals 32.5 hours and $7,158.82 not being sought by Plaintiffs for fees incurred in March through September 2023. The Plaintiffs are also not seeking fees related to the response to the July 5, 2023 show cause order or the objection to the Magistrate's report and recommendations which were both filed on July 19, 2023.

7.      Costs in this matter include $259.03 in process server fees, $402.00 in filing fees, and $77.55 in postage and mailing.

8.      Attached hereto as Exhibit 1 is a true and accurate copy of the summary of the legal services rendered in connection with this case, the date on which those services were performed, the attorney who performed the services, and the time spent in performing the services. I hereby certify that the services for which the fees have been charged were actually and necessarily performed. Attached hereto as Exhibit 2 is a true and accurate copy of the summary of the legal services rendered in connection with Plaintiffs' first and second motions for default judgment which are not being sought in the instant motion.

9.    The hourly rates charged by counsel are consistent with the prevailing market rates of counsel and paralegals in the Eastern District of Virginia or similar skill for ERISA cases. *See* Affidavit of Lori Wood (June 7, 2017), attached hereto as Exhibit 3.

10.    Additionally, in *Board of Trustees, Sheet Metal Workers' National Pension Fund v. Four-C-Aire, Inc.*, 1:16-cv-1613-LO-IDD (Feb. 3, 2021), a similar ERISA litigation case, this Court found that billing rates of $275 per hour for partner time and $150 per hour for paralegal time were reasonable rates. A copy of the memorandum opinion, Dkt. No. 147, is attached hereto as Exhibit 4. Similarly, in *Board of Trustees, Sheet Metal Workers' National Pension Fund v. Aeromark Mechanical, Inc.*, 1:12-cv-00018-CMH-JFA (Aug. 13, 2013), another ERISA litigation case, this Court found that billing rates of $290 per hour for partner time and $260 per hour for associate time were reasonable rates. A copy of the memorandum opinion, Dkt. No. 54, is attached hereto as Exhibit 5. And, in *Board of Trustees, Sheet Metal Workers' National Pension Fund v. Superior Balance & Commissioning, Inc.*, 1:13-cv-01159-AJT-TCB (Mar. 20, 2014), another ERISA litigation case, this Court approved billing rates ranging between $260 and $300 per hour for attorney time and rates between $145 and $170 per hour for legal assistants as reasonable. A copy of the Court's Order, Dkt. No. 14, and the Magistrate Judge's Report and Recommendations, Dkt. No. 13 are attached hereto as Exhibit 6. The hourly rates charged by counsel in the instant case are comparable given that these cases were decided within the last five years.

11.    In light of the facts set forth herein, the undersigned submits the Plaintiffs' claim for fees in this case is reasonable.

I declare under penalty of perjury that the foregoing statements are true and correct.

Executed on November 16, 2023.

_____/s/ Diana M. Bardes_____
Diana M. Bardes

# EXHIBIT 1

11/14/2023                          Mooney Green Saindon Murphy & Welch, P.C.
3:18 PM                                          Slip Listing                                    Page      1

---

| Selection Criteria | |
| --- | --- |
| Matt.Selection | Include: NY Chutes; NY Chutes |
| Perf.Selection | Exclude: JRM |
| Slip.Selection | Exclude: 281025; 281084; 281095; 281322; 281348; 281362; 281363; 283722; 283723; 283724; 283725; 283957; 283968; 283969; 283970; 284692; 284693; 286720; 286837; 287834; 287880; 287911; 287930; 287931; 288488; 288551; 288555; 290353; 291731; 294975; 297656; 297657; 297658; 297659; 297660; 297662; 297890; 297895; 297913; 299195; 299231; 299276; 299290; 299309; 299996; 300110; 301825; 301843; 304889; 304990; 305361; 305424; 305438; 305451; 307268; 307277; 309421; 309422; 309423; 309517 |

Rate Info - identifies rate source and level

| Slip ID<br>Dates and Time<br>Posting Status<br>Description | | | Performed by<br>Activity<br>Client<br>Matter | Units<br>DNB Time<br>Est. Time<br>Variance | Rate<br>Rate Info<br>Bill Status | Slip Value |
| --- | --- | --- | --- | --- | --- | --- |
| 268192 | TIME | | LPM | 0.10 | 250.00 | 25.00 |
| 10/11/2022 | | | Legal Services | 0.00 | C@2 | |
| Billed | G:17287 | 11/22/2022 | SMART-Pen(coll) | 0.00 | | |
| Review correspondence and documents from Fund<br>regarding referral; correspond with CMC regarding<br>same. | | | NY Chutes | 0.00 | | |
| 268356 | TIME | | LPM | 1.50 | 275.00 | 412.50 |
| 10/13/2022 | 11:54 AM | | Legal Services | 0.00 | C@2 | |
| Billed | G:17284 | 11/22/2022 | SMART Pen(C-L) | 0.00 | | |
| Review and edit draft complaint. | | | NY Chutes | 0.00 | | |
| 269512 | TIME | | CMC | 0.80 | 150.00 | 120.00 |
| 10/13/2022 | | | Legal Services | 0.00 | C@6 | |
| Billed | G:17284 | 11/22/2022 | SMART Pen(C-L) | 0.00 | | |
| Review referral documents, update report, and draft<br>complaint. | | | NY Chutes | 0.00 | | |
| 270575 | EXP | | CMC | 1 | 402.00 | 402.00 |
| 11/15/2022 | | | Filing Fees | | | |
| Billed | G:17521 | 1/4/2023 | SMART Pen(C-L) | | | |
| Filing Fee | | | NY Chutes | | | |
| 272035 | TIME | | LPM | 0.10 | 275.00 | 27.50 |
| 11/15/2022 | | | Legal Services | 0.00 | C@2 | |
| Billed | G:17521 | 1/4/2023 | SMART Pen(C-L) | 0.00 | | |
| Review Fund edits to draft complaint; correspond<br>with CMC regarding same. | | | NY Chutes | 0.00 | | |
| 272036 | TIME | | LPM | 0.10 | 275.00 | 27.50 |
| 11/15/2022 | | | Legal Services | 0.00 | C@2 | |
| Billed | G:17521 | 1/4/2023 | SMART Pen(C-L) | 0.00 | | |
| Review docket regarding filing of complaint. | | | NY Chutes | 0.00 | | |

11/14/2023                          Mooney Green Saindon Murphy & Welch, P.C.
3:18 PM                                          Slip Listing                                    Page        2

| Slip ID | | Performed by | Units | Rate | Slip Value |
| Dates and Time | | Activity | DNB Time | Rate Info | |
| Posting Status | | Client | Est. Time | Bill Status | |
| Description | | Matter | Variance | | |
| --- | --- | --- | --- | --- | --- |
| 274178 | TIME | CMC | 0.70 | 150.00 | 105.00 |
| 11/15/2022 | | Legal Services | 0.00 | C@6 | |
| Billed | G:17521 | 1/4/2023 SMART Pen(C-L) | 0.00 | | |
| Review Fund edits, finalize and file complaint, update report, and correspond with LPM and Fund Office re the same. | | NY Chutes | 0.00 | | |
| 271989 | TIME | LPM | 0.10 | 275.00 | 27.50 |
| 11/18/2022 | | Legal Services | 0.00 | C@2 | |
| Billed | G:17521 | 1/4/2023 SMART Pen(C-L) | 0.00 | | |
| Review docket regarding complaint and summons. | | NY Chutes | 0.00 | | |
| 274247 | TIME | CMC | 0.20 | 150.00 | 30.00 |
| 11/18/2022 | | Legal Services | 0.00 | C@6 | |
| Billed | G:17521 | 1/4/2023 SMART Pen(C-L) | 0.00 | | |
| Review issued summons and arrange for service of summons and complaint. | | NY Chutes | 0.00 | | |
| 274297 | TIME | CMC | 0.20 | 150.00 | 30.00 |
| 11/29/2022 | | Legal Services | 0.00 | C@6 | |
| Billed | G:17521 | 1/4/2023 SMART Pen(C-L) | 0.00 | | |
| Review and file executed summons. | | NY Chutes | 0.00 | | |
| 271880 | EXP | CMC | 1 | 130.29 | 130.29 |
| 11/30/2022 | | Process Server | | | |
| Billed | G:17521 | 1/4/2023 SMART Pen(C-L) | | | |
| [No description] | | NY Chutes | | | |
| 275622 | TIME | LPM | 0.20 | 275.00 | 55.00 |
| 12/14/2022 | | Legal Services | 0.00 | C@2 | |
| Billed | G:17647 | 1/30/2023 SMART Pen(C-L) | 0.00 | | |
| Review correspondence from Fund regarding correspondence from Company. | | NY Chutes | 0.00 | | |
| 276524 | TIME | CMC | 0.30 | 150.00 | 45.00 |
| 12/14/2022 | | Legal Services | 0.00 | C@6 | |
| Billed | G:17647 | 1/30/2023 SMART Pen(C-L) | 0.00 | | |
| Review answer and correspond with Fund Office re the same. | | NY Chutes | 0.00 | | |
| 276534 | TIME | CMC | 0.10 | 150.00 | 15.00 |
| 12/15/2022 | | Legal Services | 0.00 | C@6 | |
| Billed | G:17647 | 1/30/2023 SMART Pen(C-L) | 0.00 | | |
| Review correspondence regarding striking defendant's Answer. | | NY Chutes | 0.00 | | |
| 275486 | TIME | LPM | 0.10 | 275.00 | 27.50 |
| 12/16/2022 | | Legal Services | 0.00 | C@2 | |
| Billed | G:17647 | 1/30/2023 SMART Pen(C-L) | 0.00 | | |
| Review docket regarding Answer. | | NY Chutes | 0.00 | | |

11/14/2023                                   Mooney Green Saindon Murphy & Welch, P.C.
3:18 PM                                                      Slip Listing                                                  Page      3

| Slip ID | | Performed by | | Units | Rate | Slip Value |
| Dates and Time | | Activity | | DNB Time | Rate Info | |
| Posting Status | | Client | | Est. Time | Bill Status | |
| Description | | Matter | | Variance | | |
|---|---|---|---|---|---|---|
| 275489 | TIME | LPM | | 0.40 | 275.00 | 110.00 |
| 12/16/2022 | 4:14 PM | Legal Services | | 0.00 | C@2 | |
| Billed | G:17647 | 1/30/2023 SMART Pen(C-L) | | 0.00 | | |
| Draft motion to strike Answer. | | NY Chutes | | 0.00 | | |
| 275600 | TIME | LPM | | 0.20 | 275.00 | 55.00 |
| 12/16/2022 | | Legal Services | | 0.00 | C@2 | |
| Billed | G:17647 | 1/30/2023 SMART Pen(C-L) | | 0.00 | | |
| Review docket regarding scheduling order; correspond with CMC regarding same. | | NY Chutes | | 0.00 | | |
| 275689 | TIME | LPM | | 0.30 | 275.00 | 82.50 |
| 12/16/2022 | 3:55 PM | Legal Services | | 0.00 | C@2 | |
| Billed | G:17647 | 1/30/2023 SMART Pen(C-L) | | 0.00 | | |
| Research regarding motion to strike Answer for failure to have corporate counsel. | | NY Chutes | | 0.00 | | |
| 275710 | TIME | LPM | | 1.30 | 275.00 | 357.50 |
| 12/20/2022 | 11:23 AM | Legal Services | | 0.00 | C@2 | |
| Billed | G:17647 | 1/30/2023 SMART Pen(C-L) | | 0.00 | | |
| Draft motion to strike Answer. | | NY Chutes | | 0.00 | | |
| 276996 | TIME | CMC | | 0.50 | 150.00 | 75.00 |
| 12/20/2022 | | Legal Services | | 0.00 | C@6 | |
| Billed | G:17647 | 1/30/2023 SMART Pen(C-L) | | 0.00 | | |
| Draft proposed order and edit motion to strike defendant's Answer; exchange correspondence with LPM re the same. | | NY Chutes | | 0.00 | | |
| 277174 | EXP | BJJ | | 1 | 0.57 | 0.57 |
| 12/20/2022 | | Postage | | | | |
| Billed | G:17647 | 1/30/2023 SMART Pen(C-L) | | | | |
| Postage | | NY Chutes | | | | |
| 277175 | EXP | BJJ | | 1 | 0.57 | 0.57 |
| 12/20/2022 | | Postage | | | | |
| Billed | G:17647 | 1/30/2023 SMART Pen(C-L) | | | | |
| Postage | | NY Chutes | | | | |
| 277008 | TIME | CMC | | 0.40 | 150.00 | 60.00 |
| 12/21/2022 | | Legal Services | | 0.00 | C@6 | |
| Billed | G:17647 | 1/30/2023 SMART Pen(C-L) | | 0.00 | | |
| Edit and file motion to strike Answer; send service copy. | | NY Chutes | | 0.00 | | |
| 275625 | TIME | LPM | | 0.20 | 275.00 | 55.00 |
| 12/22/2022 | | Legal Services | | 0.00 | C@2 | |
| Billed | G:17647 | 1/30/2023 SMART Pen(C-L) | | 0.00 | | |
| Review order regarding waiver of oral argument; correspond with CMC regarding same. | | NY Chutes | | 0.00 | | |

11/14/2023
3:18 PM

Mooney Green Saindon Murphy & Welch, P.C.
Slip Listing

Page    4

| Slip ID<br>Dates and Time<br>Posting Status<br>Description | | | Performed by<br>Activity<br>Client<br>Matter | Units<br>DNB Time<br>Est. Time<br>Variance | Rate<br>Rate Info<br>Bill Status | Slip Value |
|---|---|---|---|---|---|---|
| 277016<br>12/22/2022<br>Billed<br>Draft and file waiver of oral argument re motion to<br>strike defendant's Answer. | TIME<br><br>G:17647 | <br><br>1/30/2023 | CMC<br>Legal Services<br>SMART Pen(C-L)<br>NY Chutes | 0.40<br>0.00<br>0.00<br>0.00 | 150.00<br>C@6 | 60.00 |
| 277025<br>12/29/2022<br>Billed<br>Send service copy of notice to waive oral argument<br>re motion to strike defendant's Answer. | TIME<br><br>G:17647 | <br><br>1/30/2023 | CMC<br>Legal Services<br>SMART Pen(C-L)<br>NY Chutes | 0.10<br>0.00<br>0.00<br>0.00 | 150.00<br>C@6 | 15.00 |
| 278160<br>1/3/2023<br>Billed<br>Draft discovery plan. | TIME<br><br>G:17714 | <br><br>2/24/2023 | CMC<br>Legal Services<br>SMART Pen(C-L)<br>NY Chutes | 0.40<br>0.00<br>0.00<br>0.00 | 150.00<br>C@6 | 60.00 |
| 278161<br>1/3/2023<br>Billed<br>Draft notice of substitution of attorney and exchange<br>correspondence with DB re the same. - No Charge | TIME<br><br>G:17714 | <br><br>2/24/2023 | CMC<br>Legal Services<br>SMART Pen(C-L)<br>NY Chutes | 0.20<br>0.20<br>0.00<br>0.00 | 150.00<br>C@6<br>No Charge | 30.00 |
| 278621<br>1/4/2023<br>Billed<br>File notice of substitution of attorney. - No Charge | TIME<br><br>G:17714 | <br><br>2/24/2023 | CMC<br>Legal Services<br>SMART Pen(C-L)<br>NY Chutes | 0.10<br>0.10<br>0.00<br>0.00 | 150.00<br>C@6<br>No Charge | 15.00 |
| 278643<br>1/5/2023<br>Billed<br>Edit and send cover letter, draft discovery plan, and<br>court's scheduling order to Defendant. | TIME<br><br>G:17714 | <br><br>2/24/2023 | CMC<br>Legal Services<br>SMART Pen(C-L)<br>NY Chutes | 0.30<br>0.00<br>0.00<br>0.00 | 150.00<br>C@6 | 45.00 |
| 279597<br>1/5/2023<br>Billed<br>Telephone conference with chambers regarding pro<br>se corporation issue; prepare correspondence to T.<br>Loving regarding same. | TIME<br><br>G:17714 | <br><br>2/24/2023 | DMB<br>Legal Services<br>SMART Pen(C-L)<br>NY Chutes | 0.30<br>0.00<br>0.00<br>0.00 | 275.00<br>C@2 | 82.50 |
| 279598<br>1/5/2023<br>Billed<br>Review and edit joint proposed discovery plan draft;<br>edit cover letter. | TIME<br><br>G:17714 | <br><br>2/24/2023 | DMB<br>Legal Services<br>SMART Pen(C-L)<br>NY Chutes | 0.50<br>0.00<br>0.00<br>0.00 | 275.00<br>C@2 | 137.50 |

| Slip ID<br>Dates and Time<br>Posting Status<br>Description | | | Performed by<br>Activity<br>Client<br>Matter | Units<br>DNB Time<br>Est. Time<br>Variance | Rate<br>Rate Info<br>Bill Status | Slip Value |
|---|---|---|---|---|---|---|
| 278660<br>1/9/2023<br>Billed | TIME<br><br>G:17714 | <br><br>2/24/2023 | CMC<br>Legal Services<br>SMART Pen(C-L) | 0.20<br>0.00<br>0.00 | 150.00<br>C@6 | 30.00 |
| Review correspondence re discovery plan. | | | NY Chutes | 0.00 | | |
| 279562<br>1/9/2023<br>Billed | TIME<br><br>G:17714 | <br><br>2/24/2023 | DMB<br>Legal Services<br>SMART Pen(C-L) | 0.40<br>0.00<br>0.00 | 275.00<br>C@2 | 110.00 |
| Correspond with employer regarding discovery plan. | | | NY Chutes | 0.00 | | |
| 278560<br>1/10/2023<br>Billed | TIME<br><br>G:17714 | <br><br>2/24/2023 | LPM<br>Legal Services<br>SMART Pen(C-L) | 0.20<br>0.20<br>0.00 | 275.00<br>C@2<br>No Charge | 55.00 |
| Telephone conference with DMB regarding<br>scheduling report. - No Charge | | | NY Chutes | 0.00 | | |
| 278676<br>1/10/2023<br>Billed | TIME<br><br>G:17714 | <br><br>2/24/2023 | CMC<br>Legal Services<br>SMART Pen(C-L) | 0.20<br>0.00<br>0.00 | 150.00<br>C@6 | 30.00 |
| Review correspondence regarding discovery plan. | | | NY Chutes | 0.00 | | |
| 279495<br>1/10/2023<br>Billed | TIME<br><br>G:17714 | <br><br>2/24/2023 | DMB<br>Legal Services<br>SMART Pen(C-L) | 0.70<br>0.00<br>0.00 | 275.00<br>C@2 | 192.50 |
| Review correspondence from company regarding<br>proposed discovery plan; correspond with T. Loving<br>regarding same; telephone conference with T.<br>Loving regarding same. | | | NY Chutes | 0.00 | | |
| 279582<br>1/10/2023<br>Billed | TIME<br><br>G:17714 | <br><br>2/24/2023 | DMB<br>Legal Services<br>SMART Pen(C-L) | 0.80<br>0.00<br>0.00 | 275.00<br>C@2 | 220.00 |
| Telephone conference with company regarding joint<br>proposed discovery plan; edit proposed discovery<br>plan and correspond with company regarding same. | | | NY Chutes | 0.00 | | |
| 278757<br>1/11/2023<br>Billed | TIME<br><br>G:17714 | <br><br>2/24/2023 | CMC<br>Legal Services<br>SMART Pen(C-L) | 0.30<br>0.00<br>0.00 | 150.00<br>C@6 | 45.00 |
| Edit and file meet and confer statement. | | | NY Chutes | 0.00 | | |
| 279585<br>1/11/2023<br>Billed | TIME<br><br>G:17714 | <br><br>2/24/2023 | DMB<br>Legal Services<br>SMART Pen(C-L) | 1.00<br>0.00<br>0.00 | 275.00<br>C@2 | 275.00 |
| Correspond with employer regarding joint discovery<br>plan; correspond with T. Loving regarding same; edit<br>and finalize plan to be filed. | | | NY Chutes | 0.00 | | |
| 279443<br>1/16/2023<br>Billed | TIME<br><br>G:17714 | <br><br>2/24/2023 | DMB<br>Legal Services<br>SMART Pen(C-L) | 0.40<br>0.00<br>0.00 | 275.00<br>C@2 | 110.00 |

11/14/2023                          Mooney Green Saindon Murphy & Welch, P.C.
3:18 PM                                         Slip Listing                                    Page      6

| Slip ID<br>Dates and Time<br>Posting Status<br>Description | Performed by<br>Activity<br>Client<br>Matter | Units<br>DNB Time<br>Est. Time<br>Variance | Rate<br>Rate Info<br>Bill Status | Slip Value |
|---|---|---|---|---|
| Review order on motion to strike answer; prepare<br>correspondence to T. Loving regarding order and<br>deadlines. | NY Chutes | 0.00 | | |
| 278793    TIME<br>1/17/2023<br>Billed    G:17714   2/24/2023<br>Review court order on discovery plan and calendar<br>new status conference date. | CMC<br>Legal Services<br>SMART Pen(C-L)<br>NY Chutes | 0.10<br>0.00<br>0.00<br>0.00 | 150.00<br>C@6 | 15.00 |
| 278794    TIME<br>1/17/2023<br>Billed    G:17714   2/24/2023<br>Review court order on motion to strike and<br>correspondence with Fund Office re the same. | CMC<br>Legal Services<br>SMART Pen(C-L)<br>NY Chutes | 0.10<br>0.00<br>0.00<br>0.00 | 150.00<br>C@6 | 15.00 |
| 277161    EXP<br>1/20/2023<br>Billed    G:17714   2/24/2023<br>Express Mail | BJJ<br>Express Mail<br>SMART Pen(C-L)<br>NY Chutes | 1 | 21.79 | 21.79 |
| 278967    TIME<br>1/26/2023<br>Billed    G:17714   2/24/2023<br>Review correspondence from Fund Office regarding<br>contact from employer. | CMC<br>Legal Services<br>SMART Pen(C-L)<br>NY Chutes | 0.10<br>0.00<br>0.00<br>0.00 | 150.00<br>C@6 | 15.00 |
| 279578    TIME<br>1/26/2023<br>Billed    G:17714   2/24/2023<br>Review correspondence from H. Mooneyham<br>regarding communications with employer. | DMB<br>Legal Services<br>SMART Pen(C-L)<br>NY Chutes | 0.30<br>0.00<br>0.00<br>0.00 | 275.00<br>C@2 | 82.50 |
| 281089    TIME<br>2/10/2023<br>Billed    G:17733   3/20/2023<br>Review order resetting pretrial conference. | DMB<br>Legal Services<br>SMART Pen(C-L)<br>NY Chutes | 0.20<br>0.00<br>0.00<br>0.00 | 275.00<br>C@2 | 55.00 |
| 281374    TIME<br>2/10/2023<br>Billed    G:17733   3/20/2023<br>Review order regarding pretrial conference. | CMC<br>Legal Services<br>SMART Pen(C-L)<br>NY Chutes | 0.10<br>0.00<br>0.00<br>0.00 | 150.00<br>C@6 | 15.00 |
| 281389    TIME<br>2/13/2023<br>Billed    G:17733   3/20/2023<br>Review order regarding pretrial conference and<br>correspondence re the same. | CMC<br>Legal Services<br>SMART Pen(C-L)<br>NY Chutes | 0.20<br>0.00<br>0.00<br>0.00 | 150.00<br>C@6 | 30.00 |

11/14/2023                              Mooney Green Saindon Murphy & Welch, P.C.
3:18 PM                                              Slip Listing                                    Page      7

| Slip ID | Performed by | Units | Rate | Slip Value |
| Dates and Time | Activity | DNB Time | Rate Info | |
| Posting Status | Client | Est. Time | Bill Status | |
| Description | Matter | Variance | | |
|---|---|---|---|---|
| 281644 | TIME | DMB | 0.40 | 275.00 | 110.00 |
| 2/13/2023 | | Legal Services | 0.00 | C@2 | |
| Billed | G:17733 | 3/20/2023 SMART Pen(C-L) | 0.00 | | |
| Review court order regarding scheduling conference; prepare correspondence to T. Loving regarding same. | | NY Chutes | 0.00 | | |
| | | | | | |
| 281830 | TIME | DMB | 0.30 | 275.00 | 82.50 |
| 2/13/2023 | | Legal Services | 0.00 | C@2 | |
| Billed | G:17733 | 3/20/2023 SMART Pen(C-L) | 0.00 | | |
| Telephone conference with T. Loving regarding potential revisions to audit. | | NY Chutes | 0.00 | | |
| | | | | | |
| 281447 | TIME | CMC | 0.10 | 150.00 | 15.00 |
| 2/17/2023 | | Legal Services | 0.00 | C@6 | |
| Billed | G:17733 | 3/20/2023 SMART Pen(C-L) | 0.00 | | |
| Review correspondence re settlement discussions. | | NY Chutes | 0.00 | | |
| | | | | | |
| 281721 | TIME | DMB | 0.70 | 275.00 | 192.50 |
| 2/17/2023 | | Legal Services | 0.00 | C@2 | |
| Billed | G:17733 | 3/20/2023 SMART Pen(C-L) | 0.00 | | |
| Telephone conference with regarding status of potential audit revision; correspond with Defendant regarding continuance of pretrial conference. | | NY Chutes | 0.00 | | |
| | | | | | |
| 281009 | TIME | DMB | 0.30 | 275.00 | 82.50 |
| 2/21/2023 | | Legal Services | 0.00 | C@2 | |
| Billed | G:17733 | 3/20/2023 SMART Pen(C-L) | 0.00 | | |
| Telephone conference with H. Mooneyham to prepare for pretrial conference. | | NY Chutes | 0.00 | | |
| | | | | | |
| 281050 | TIME | DMB | 0.30 | 275.00 | 82.50 |
| 2/21/2023 | | Legal Services | 0.00 | C@2 | |
| Billed | G:17733 | 3/20/2023 SMART Pen(C-L) | 0.00 | | |
| Review and edit motion to continue pretrial conference; correspond with CMC regarding same. | | NY Chutes | 0.00 | | |
| | | | | | |
| 281051 | TIME | DMB | 0.20 | 275.00 | 55.00 |
| 2/21/2023 | | Legal Services | 0.00 | C@2 | |
| Billed | G:17733 | 3/20/2023 SMART Pen(C-L) | 0.00 | | |
| Review order on motion to continue pretrial conference; correspond with H. Mooneyham regarding same. | | NY Chutes | 0.00 | | |
| | | | | | |
| 281113 | TIME | DMB | 0.20 | 275.00 | 55.00 |
| 2/21/2023 | | Legal Services | 0.00 | C@2 | |
| Billed | G:17733 | 3/20/2023 SMART Pen(C-L) | 0.00 | | |
| Telephone conference with chambers and email with chambers regarding motion for continuance of pretrial conference. | | NY Chutes | 0.00 | | |

11/14/2023                        Mooney Green Saindon Murphy & Welch, P.C.
3:18 PM                                        Slip Listing                                          Page      8

| Slip ID | | Performed by | Units | Rate | Slip Value |
|---|---|---|---|---|---|
| Dates and Time | | Activity | DNB Time | Rate Info | |
| Posting Status | | Client | Est. Time | Bill Status | |
| Description | | Matter | Variance | | |
| 281461 | TIME | CMC | 0.60 | 150.00 | 90.00 |
| 2/21/2023 | | Legal Services | 0.00 | C@6 | |
| Billed | G:17733 | 3/20/2023 SMART Pen(C-L) | 0.00 | | |
| Draft and file motion to continue pretrial conference. | | NY Chutes | 0.00 | | |
| 281464 | TIME | CMC | 0.20 | 150.00 | 30.00 |
| 2/22/2023 | | Legal Services | 0.00 | C@6 | |
| Billed | G:17733 | 3/20/2023 SMART Pen(C-L) | 0.00 | | |
| Review order on motion to continue pretrial | | NY Chutes | 0.00 | | |
| conference and calendar new date. | | | | | |
| 283726 | TIME | DMB | 0.20 | 275.00 | 55.00 |
| 3/1/2023 | | Legal Services | 0.00 | C@2 | |
| Billed | G:17858 | 4/24/2023 SMART Pen(C-L) | 0.00 | | |
| Review correspondence from chambers to Employer | | NY Chutes | 0.00 | | |
| regarding pretrial conference. | | | | | |
| 283958 | TIME | DMB | 0.20 | 275.00 | 55.00 |
| 3/3/2023 | | Legal Services | 0.00 | C@2 | |
| Billed | G:17858 | 4/24/2023 SMART Pen(C-L) | 0.00 | | |
| Review correspondence from H. Mooneyham | | NY Chutes | 0.00 | | |
| regarding revised audit; correspond regarding same. | | | | | |
| 283716 | TIME | CMC | 1.70 | 150.00 | 255.00 |
| 3/6/2023 | | Legal Services | 0.00 | C@6 | |
| Billed | G:17858 | 4/24/2023 SMART Pen(C-L) | 0.00 | | |
| Draft and file motion for leave to file amended | | NY Chutes | 0.00 | | |
| complaint, amended complaint, and notice of waiver | | | | | |
| of oral argument; exchange correspondence with | | | | | |
| DB re the same. | | | | | |
| 283717 | TIME | CMC | 1.40 | 150.00 | 210.00 |
| 3/6/2023 | | Legal Services | 0.00 | C@6 | |
| Billed | G:17858 | 4/24/2023 SMART Pen(C-L) | 0.00 | | |
| Draft and file motion to vacate pre-trial conference, | | NY Chutes | 0.00 | | |
| proposed order, and waiver or oral argument; | | | | | |
| exchange correspondence with DB re the same. | | | | | |
| 283959 | TIME | DMB | 0.30 | 275.00 | 82.50 |
| 3/6/2023 | | Legal Services | 0.00 | C@2 | |
| Billed | G:17858 | 4/24/2023 SMART Pen(C-L) | 0.00 | | |
| Telephone conference with T. Loving and H. | | NY Chutes | 0.00 | | |
| Mooneyham regarding revised audit and amended | | | | | |
| complaint to be drafted and filed. | | | | | |
| 283960 | TIME | DMB | 0.50 | 275.00 | 137.50 |
| 3/6/2023 | | Legal Services | 0.00 | C@2 | |
| Billed | G:17858 | 4/24/2023 SMART Pen(C-L) | 0.00 | | |
| Review and edit amended complaint. | | NY Chutes | 0.00 | | |

11/14/2023            Mooney Green Saindon Murphy & Welch, P.C.
3:18 PM            Slip Listing            Page     9

| Slip ID | | | Performed by | Units | Rate | Slip Value |
|---|---|---|---|---|---|---|
| Dates and Time | | | Activity | DNB Time | Rate Info | |
| Posting Status | | | Client | Est. Time | Bill Status | |
| Description | | | Matter | Variance | | |
| 283961 | TIME | | DMB | 0.30 | 275.00 | 82.50 |
| 3/6/2023 | | | Legal Services | 0.00 | C@2 | |
| Billed | G:17858 | 4/24/2023 | SMART Pen(C-L) | 0.00 | | |
| Review and edit motion for leave to file amended complaint. | | | NY Chutes | 0.00 | | |
| 283962 | TIME | | DMB | 0.30 | 275.00 | 82.50 |
| 3/6/2023 | | | Legal Services | 0.00 | C@2 | |
| Billed | G:17858 | 4/24/2023 | SMART Pen(C-L) | 0.00 | | |
| Correspond with Employer regarding amended complaint and pretrial conference. | | | NY Chutes | 0.00 | | |
| 283963 | TIME | | DMB | 0.30 | 275.00 | 82.50 |
| 3/6/2023 | | | Legal Services | 0.00 | C@2 | |
| Billed | G:17858 | 4/24/2023 | SMART Pen(C-L) | 0.00 | | |
| Review and edit draft motion to vacate pretrial conference. | | | NY Chutes | 0.00 | | |
| 283718 | TIME | | CMC | 0.20 | 150.00 | 30.00 |
| 3/7/2023 | | | Legal Services | 0.00 | C@6 | |
| Billed | G:17858 | 4/24/2023 | SMART Pen(C-L) | 0.00 | | |
| Download filed motions for service. | | | NY Chutes | 0.00 | | |
| 283964 | TIME | | DMB | 0.20 | 275.00 | 55.00 |
| 3/7/2023 | | | Legal Services | 0.00 | C@2 | |
| Billed | G:17858 | 4/24/2023 | SMART Pen(C-L) | 0.00 | | |
| Correspond with chambers regarding pretrial conference. | | | NY Chutes | 0.00 | | |
| 283965 | TIME | | DMB | 0.50 | 275.00 | 137.50 |
| 3/7/2023 | | | Legal Services | 0.00 | C@2 | |
| Billed | G:17858 | 4/24/2023 | SMART Pen(C-L) | 0.00 | | |
| Prepare for pretrial conference. | | | NY Chutes | 0.00 | | |
| 283719 | TIME | | CMC | 0.30 | 150.00 | 45.00 |
| 3/8/2023 | | | Legal Services | 0.00 | C@6 | |
| Billed | G:17858 | 4/24/2023 | SMART Pen(C-L) | 0.00 | | |
| Review order on motions to file amended complaint and vacate pre-trial conference. | | | NY Chutes | 0.00 | | |
| 283720 | TIME | | CMC | 0.40 | 150.00 | 60.00 |
| 3/8/2023 | | | Legal Services | 0.00 | C@6 | |
| Billed | G:17858 | 4/24/2023 | SMART Pen(C-L) | 0.00 | | |
| Review order setting status conference, calendar date, and review correspondence with the Fund re the same. | | | NY Chutes | 0.00 | | |

11/14/2023                         Mooney Green Saindon Murphy & Welch, P.C.
3:18 PM                                     Slip Listing                                    Page     10

| Slip ID | | | Performed by | Units | Rate | Slip Value |
|---|---|---|---|---|---|---|
| Dates and Time | | | Activity | DNB Time | Rate Info | |
| Posting Status | | | Client | Est. Time | Bill Status | |
| Description | | | Matter | Variance | | |
| 283966 | TIME | | DMB | 0.50 | 275.00 | 137.50 |
| 3/8/2023 | | | Legal Services | 0.00 | C@2 | |
| Billed | G:17858 | 4/24/2023 | SMART Pen(C-L) | 0.00 | | |
| Attend pretrial conference telephonically. | | | NY Chutes | 0.00 | | |
| 283721 | TIME | | CMC | 0.10 | 150.00 | 15.00 |
| 3/10/2023 | | | Legal Services | 0.00 | C@6 | |
| Billed | G:17858 | 4/24/2023 | SMART Pen(C-L) | 0.00 | | |
| Review docket regarding amended complaint. | | | NY Chutes | 0.00 | | |
| 287127 | EXP | | BJJ | 1 | 12.65 | 12.65 |
| 3/23/2023 | | | Express Mail | | | |
| Billed | G:17858 | 4/24/2023 | SMART Pen(C-L) | | | |
| Express Mail | | | NY Chutes | | | |
| 283967 | TIME | | DMB | 0.20 | 275.00 | 55.00 |
| 3/29/2023 | | | Legal Services | 0.00 | C@2 | |
| Billed | G:17858 | 4/24/2023 | SMART Pen(C-L) | 0.00 | | |
| Correspond with CMC regarding request for entry of | | | NY Chutes | 0.00 | | |
| default. | | | | | | |
| 286845 | TIME | | DMB | 0.40 | 275.00 | 110.00 |
| 4/14/2023 | | | Legal Services | 0.00 | C@2 | |
| Billed | G:17950 | 5/26/2023 | SMART Pen(C-L) | 0.00 | | |
| Edit motion to vacate final pretrial conference. | | | NY Chutes | 0.00 | | |
| 288556 | EXP | | BJJ | 1 | 41.97 | 41.97 |
| 4/14/2023 | | | Express Mail | | | |
| Billed | G:17950 | 5/26/2023 | SMART Pen(C-L) | | | |
| Express Mail | | | NY Chutes | | | |
| 288999 | TIME | | CMC | 0.70 | 150.00 | 105.00 |
| 4/14/2023 | | | Legal Services | 0.00 | C@6 | |
| Billed | G:17950 | 5/26/2023 | SMART Pen(C-L) | 0.00 | | |
| Draft, edit, and file motion to vacate pre-trial | | | NY Chutes | 0.00 | | |
| conference and send service copy. | | | | | | |
| 289029 | TIME | | CMC | 0.10 | 150.00 | 15.00 |
| 4/17/2023 | | | Legal Services | 0.00 | C@6 | |
| Billed | G:17950 | 5/26/2023 | SMART Pen(C-L) | 0.00 | | |
| Review order vacating pre-trial conference. | | | NY Chutes | 0.00 | | |
| 297639 | TIME | | CMC | 0.40 | 150.00 | 60.00 |
| 7/7/2023 | | | Legal Services | 0.00 | C@6 | |
| Billed | G:18178 | 8/30/2023 | SMART Pen(C-L) | 0.00 | | |
| Review magistrate judge's report and | | | NY Chutes | 0.00 | | |
| recommendations and draft correspondence to DB | | | | | | |
| and Fund Office re; the same. | | | | | | |

11/14/2023             Mooney Green Saindon Murphy & Welch, P.C.
3:18 PM                              Slip Listing                               Page    11

| Slip ID | | Performed by | Units | Rate | Slip Value |
|---|---|---|---|---|---|
| Dates and Time | | Activity | DNB Time | Rate Info | |
| Posting Status | | Client | Est. Time | Bill Status | |
| Description | | Matter | Variance | | |
| 297642 | TIME | DMB | 0.30 | 275.00 | 82.50 |
| 7/7/2023 | | Legal Services | 0.00 | C@2 | |
| Billed | G:18178 | 8/30/2023 SMART Pen(C-L) | 0.00 | | |
| Review report and recommendations | | NY Chutes | 0.00 | | |
| 297640 | TIME | CMC | 0.10 | 150.00 | 15.00 |
| 7/10/2023 | | Legal Services | 0.00 | C@6 | |
| Billed | G:18178 | 8/30/2023 SMART Pen(C-L) | 0.00 | | |
| Review correspondence re: report and recommendations. | | NY Chutes | 0.00 | | |
| 297643 | TIME | DMB | 0.80 | 275.00 | 220.00 |
| 7/10/2023 | | Legal Services | 0.00 | C@2 | |
| Billed | G:18178 | 8/30/2023 SMART Pen(C-L) | 0.00 | | |
| Review CBAs and MOUs. | | NY Chutes | 0.00 | | |
| 297644 | TIME | DMB | 0.30 | 275.00 | 82.50 |
| 7/10/2023 | | Legal Services | 0.00 | C@2 | |
| Billed | G:18178 | 8/30/2023 SMART Pen(C-L) | 0.00 | | |
| Correspond with T. Loving regarding report and recommendations. | | NY Chutes | 0.00 | | |
| 297645 | TIME | DMB | 0.40 | 275.00 | 110.00 |
| 7/10/2023 | | Legal Services | 0.00 | C@2 | |
| Billed | G:18178 | 8/30/2023 SMART Pen(C-L) | 0.00 | | |
| Telephone conference with counsel for Local 28 regarding CBA issues. | | NY Chutes | 0.00 | | |
| 297646 | TIME | DMB | 0.30 | 275.00 | 82.50 |
| 7/12/2023 | | Legal Services | 0.00 | C@2 | |
| Billed | G:18178 | 8/30/2023 SMART Pen(C-L) | 0.00 | | |
| Telephone conference with T. Loving regarding response to report and recommendations and renewed motion for default judgment to be filed. | | NY Chutes | 0.00 | | |
| 297647 | TIME | DMB | 0.40 | 275.00 | 110.00 |
| 7/13/2023 | | Legal Services | 0.00 | C@2 | |
| Billed | G:18178 | 8/30/2023 SMART Pen(C-L) | 0.00 | | |
| Prepare correspondence to counsel for Local 28 regarding facts in support of adoption by conduct. | | NY Chutes | 0.00 | | |
| 297648 | TIME | DMB | 0.30 | 275.00 | 82.50 |
| 7/14/2023 | | Legal Services | 0.00 | C@2 | |
| Billed | G:18178 | 8/30/2023 SMART Pen(C-L) | 0.00 | | |
| Prepare correspondence to H. Mooneyham regarding facts from NPF records in support of adoption by conduct | | NY Chutes | 0.00 | | |
| 297649 | TIME | DMB | 0.50 | 275.00 | 137.50 |
| 7/17/2023 | | Legal Services | 0.00 | C@2 | |
| Billed | G:18178 | 8/30/2023 SMART Pen(C-L) | 0.00 | | |

11/14/2023                              Mooney Green Saindon Murphy & Welch, P.C.
3:18 PM                                          Slip Listing                                          Page      12

| Slip ID | | | Performed by | Units | Rate | Slip Value |
|---|---|---|---|---|---|---|
| Dates and Time | | | Activity | DNB Time | Rate Info | |
| Posting Status | | | Client | Est. Time | Bill Status | |
| Description | | | Matter | Variance | | |
| Review records from NPF regarding employer's participation in the Funds and communications from employer regarding same. | | | NY Chutes | 0.00 | | |
| 297641 | TIME | | CMC | 0.20 | 150.00 | 30.00 |
| 7/18/2023 | | | Legal Services | 0.00 | C@6 | |
| Billed | G:18178 | 8/30/2023 | SMART Pen(C-L) | 0.00 | | |
| Review correspondence re: response to report and recommendations. | | | NY Chutes | 0.00 | | |
| 297650 | TIME | | DMB | 1.30 | 275.00 | 357.50 |
| 7/18/2023 | | | Legal Services | 0.00 | C@2 | |
| Billed | G:18178 | 8/30/2023 | SMART Pen(C-L) | 0.00 | | |
| Prepare R. Geisler declaration regarding facts in support of employer's adoption of CBA by conduct. | | | NY Chutes | 0.00 | | |
| 297651 | TIME | | DMB | 0.40 | 275.00 | 110.00 |
| 7/18/2023 | | | Legal Services | 0.00 | C@2 | |
| Billed | G:18178 | 8/30/2023 | SMART Pen(C-L) | 0.00 | | |
| Prepare exhibits to R. Geisler declaration. | | | NY Chutes | 0.00 | | |
| 297652 | TIME | | DMB | 0.40 | 275.00 | 110.00 |
| 7/18/2023 | | | Legal Services | 0.00 | C@2 | |
| Billed | G:18178 | 8/30/2023 | SMART Pen(C-L) | 0.00 | | |
| Telephone conference with H. Mooneyham regarding R. Geisler declaration. | | | NY Chutes | 0.00 | | |
| 297653 | TIME | | DMB | 0.30 | 275.00 | 82.50 |
| 7/18/2023 | | | Legal Services | 0.00 | C@2 | |
| Billed | G:18178 | 8/30/2023 | SMART Pen(C-L) | 0.00 | | |
| Telephone conference with counsel for local 28 regarding declaration from union regarding facts in support of employer's adoption of CBA by conduct. | | | NY Chutes | 0.00 | | |
| 297654 | TIME | | DMB | 0.40 | 275.00 | 110.00 |
| 7/18/2023 | | | Legal Services | 0.00 | C@2 | |
| Billed | G:18178 | 8/30/2023 | SMART Pen(C-L) | 0.00 | | |
| Review documents from counsel for Local 28. | | | NY Chutes | 0.00 | | |
| 297655 | TIME | | DMB | 0.50 | 275.00 | 137.50 |
| 7/18/2023 | | | Legal Services | 0.00 | C@2 | |
| Billed | G:18178 | 8/30/2023 | SMART Pen(C-L) | 0.00 | | |
| Prepare E. Meslin declaration regarding facts in support of employer's adoption by conduct of CBA. | | | NY Chutes | 0.00 | | |
| 297889 | TIME | | DMB | 0.30 | 275.00 | 82.50 |
| 7/18/2023 | | | Legal Services | 0.00 | C@2 | |
| Billed | G:18178 | 8/30/2023 | SMART Pen(C-L) | 0.00 | | |
| Telephone conference with H. Mooneyham regarding renewed motion for default judgment. | | | NY Chutes | 0.00 | | |

11/14/2023                          Mooney Green Saindon Murphy & Welch, P.C.
3:18 PM                                        Slip Listing                                    Page      13

| Slip ID | | Performed by | Units | Rate | Slip Value |
|---|---|---|---|---|---|
| Dates and Time | | Activity | DNB Time | Rate Info | |
| Posting Status | | Client | Est. Time | Bill Status | |
| Description | | Matter | Variance | | |
| 297661 | TIME | CMC | 0.50 | 150.00 | 75.00 |
| 7/19/2023 | | Legal Services | 0.00 | C@6 | |
| Billed | G:18178 | 8/30/2023 SMART Pen(C-L) | 0.00 | | |
| Prepare exhibits to declarations in support of | | NY Chutes | 0.00 | | |
| renewed motion for default judgment; update factual | | | | | |
| citations in memo in support of motion for default | | | | | |
| judgment. | | | | | |
| 297896 | TIME | DMB | 0.70 | 275.00 | 192.50 |
| 7/19/2023 | | Legal Services | 0.00 | C@2 | |
| Billed | G:18178 | 8/30/2023 SMART Pen(C-L) | 0.00 | | |
| Prepare response to show cause order. | | NY Chutes | 0.00 | | |
| 297912 | TIME | DMB | 0.20 | 275.00 | 55.00 |
| 7/19/2023 | | Legal Services | 0.00 | C@2 | |
| Billed | G:18178 | 8/30/2023 SMART Pen(C-L) | 0.00 | | |
| Telephone conference with T. Loving regarding | | NY Chutes | 0.00 | | |
| renewed motion for default judgment. | | | | | |
| 309409 | TIME | DMB | 0.20 | 275.00 | 55.00 |
| 9/18/2023 | | Legal Services | 0.00 | C@2 | |
| WIP | | SMART Pen(C-L) | 0.00 | | |
| Review correspondence from employer. | | NY Chutes | 0.00 | | |
| 307608 | TIME | CMC | 0.70 | 150.00 | 105.00 |
| 9/29/2023 | | Legal Services | 0.00 | C@6 | |
| WIP | | SMART Pen(C-L) | 0.00 | | |
| Proofread motion for leave to file amended complaint | | NY Chutes | 0.00 | | |
| and create separate motion and memo. | | | | | |
| 307609 | TIME | CMC | 0.80 | 150.00 | 120.00 |
| 9/29/2023 | | Legal Services | 0.00 | C@6 | |
| WIP | | SMART Pen(C-L) | 0.00 | | |
| Draft amended complaint. | | NY Chutes | 0.00 | | |
| 307610 | TIME | CMC | 0.40 | 150.00 | 60.00 |
| 9/29/2023 | | Legal Services | 0.00 | C@6 | |
| WIP | | SMART Pen(C-L) | 0.00 | | |
| Draft proposed order and notice of waiver of oral | | NY Chutes | 0.00 | | |
| argument. | | | | | |
| 307611 | TIME | CMC | 0.30 | 150.00 | 45.00 |
| 9/29/2023 | | Legal Services | 0.00 | C@6 | |
| WIP | | SMART Pen(C-L) | 0.00 | | |
| Draft motion to withdraw motion for default judgment | | NY Chutes | 0.00 | | |
| 307612 | TIME | CMC | 0.50 | 150.00 | 75.00 |
| 9/29/2023 | | Legal Services | 0.00 | C@6 | |
| WIP | | SMART Pen(C-L) | 0.00 | | |
| File motion to withdraw motion for default judgment , | | NY Chutes | 0.00 | | |
| motion to amend complaint, and amended | | | | | |

11/14/2023              Mooney Green Saindon Murphy & Welch, P.C.
3:18 PM                                Slip Listing                               Page    14

| Slip ID<br>Dates and Time<br>Posting Status<br>Description | Performed by<br>Activity<br>Client<br>Matter | Units<br>DNB Time<br>Est. Time<br>Variance | Rate<br>Rate Info<br>Bill Status | Slip Value |
|---|---|---|---|---|
| complaint. | | | | |
| 309482       TIME<br>9/29/2023<br>WIP<br>Review and edit second amended complaint. | DMB<br>Legal Services<br>SMART Pen(C-L)<br>NY Chutes | 0.50<br>0.00<br>0.00<br>0.00 | 275.00<br>C@2 | 137.50 |
| 309483       TIME<br>9/29/2023<br>WIP<br>Research regarding leave to amend complaint. | DMB<br>Legal Services<br>SMART Pen(C-L)<br>NY Chutes | 1.30<br>0.00<br>0.00<br>0.00 | 275.00<br>C@2 | 357.50 |
| 309484       TIME<br>9/29/2023<br>WIP<br>Review materials related to local's arbitration and<br>enforcement of award. | DMB<br>Legal Services<br>SMART Pen(C-L)<br>NY Chutes | 0.60<br>0.00<br>0.00<br>0.00 | 275.00<br>C@2 | 165.00 |
| 309494       TIME<br>9/29/2023<br>WIP<br>Telephone conference with T. Loving regarding<br>second amended complaint. | DMB<br>Legal Services<br>SMART Pen(C-L)<br>NY Chutes | 0.20<br>0.00<br>0.00<br>0.00 | 275.00<br>C@2 | 55.00 |
| 309503       TIME<br>9/29/2023<br>WIP<br>Review and edit draft motion for leave to amend<br>complaint. | DMB<br>Legal Services<br>SMART Pen(C-L)<br>NY Chutes | 0.90<br>0.00<br>0.00<br>0.00 | 275.00<br>C@2 | 247.50 |
| 310830       TIME<br>10/3/2023<br>WIP<br>Arrange for service of second amended complaint. | CMC<br>Legal Services<br>SMART Pen(C-L)<br>NY Chutes | 0.20<br>0.00<br>0.00<br>0.00 | 150.00<br>C@6 | 30.00 |
| 310831       TIME<br>10/3/2023<br>WIP<br>Review order on amended complaint and second<br>motion for default judgment. | CMC<br>Legal Services<br>SMART Pen(C-L)<br>NY Chutes | 0.20<br>0.00<br>0.00<br>0.00 | 150.00<br>C@6 | 30.00 |
| 312633       TIME<br>10/3/2023<br>WIP<br>Review order granting leave to file second amended<br>complaint. | DMB<br>Legal Services<br>SMART Pen(C-L)<br>NY Chutes | 0.20<br>0.00<br>0.00<br>0.00 | 275.00<br>C@2 | 55.00 |
| 310862       TIME<br>10/4/2023<br>WIP<br>Correspond with server re: service of amended | CMC<br>Legal Services<br>SMART Pen(C-L)<br>NY Chutes | 0.10<br>0.00<br>0.00<br>0.00 | 150.00<br>C@6 | 15.00 |

11/14/2023                          Mooney Green Saindon Murphy & Welch, P.C.
3:18 PM                                       Slip Listing                                    Page      15

| Slip ID<br>Dates and Time<br>Posting Status<br>Description | Performed by<br>Activity<br>Client<br>Matter | Units<br>DNB Time<br>Est. Time<br>Variance | Rate<br>Rate Info<br>Bill Status | Slip Value |
|---|---|---|---|---|
| complaint. | | | | |
| 307590     EXP<br>10/13/2023<br>WIP<br>[No description] | CMC<br>Process Server<br>SMART Pen(C-L)<br>NY Chutes | 1 | 128.74 | 128.74 |
| 311026     TIME<br>10/25/2023<br>WIP<br>Review and file affidavit of service of amended<br>complaint. | CMC<br>Legal Services<br>SMART Pen(C-L)<br>NY Chutes | 0.20<br>0.00<br>0.00<br>0.00 | 150.00<br>C@6 | 30.00 |
| 312634     TIME<br>10/25/2023<br>WIP<br>Correspond with CMC regarding entry of default on<br>second amended complaint; review and revise<br>request for entry of default. | DMB<br>Legal Services<br>SMART Pen(C-L)<br>NY Chutes | 0.40<br>0.00<br>0.00<br>0.00 | 275.00<br>C@2 | 110.00 |
| 312635     TIME<br>11/7/2023<br>WIP<br>Review entry of default. | DMB<br>Legal Services<br>SMART Pen(C-L)<br>NY Chutes | 0.20<br>0.00<br>0.00<br>0.00 | 275.00<br>C@2 | 55.00 |
| 312636     TIME<br>11/14/2023<br>WIP<br>Review and revise motion for default judgment,<br>memo in support, and supporting declarations. | DMB<br>Legal Services<br>SMART Pen(C-L)<br>NY Chutes | 1.50<br>0.00<br>0.00<br>0.00 | 275.00<br>C@2 | 412.50 |
| 312637     TIME<br>11/14/2023<br>WIP<br>Draft attorney fee declaration in support of motion<br>for default judgment. | CMC<br>Legal Services<br>SMART Pen(C-L)<br>NY Chutes | 0.60<br>0.00<br>0.00<br>0.00 | 150.00<br>C@6 | 90.00 |
| 312638     TIME<br>11/16/2023<br>WIP<br>Finalize and file motion for default judgment; send<br>service and courtesy copies. | CMC<br>Legal Services<br>SMART Pen(C-L)<br>NY Chutes | 0.80<br>0.00<br>0.00<br>0.00 | 150.00<br>C@6 | 120.00 |

Grand Total

|  |  |  |  |  |
|---|---|---|---|---|
| | Billable | 46.80 | | 11418.58 |
| | Unbillable | 0.50 | | 100.00 |
| | Total | 47.30 | | 11518.58 |

# EXHIBIT 2

11/14/2023                        Mooney Green Saindon Murphy & Welch, P.C.
3:28 PM                                      Slip Listing                                    Page        1

| Selection Criteria | |
| --- | --- |
| Slip.Selection | Include: 281025; 281084; 281095; 281322; 281348; 281362; 281363; 283722; 283723; 283724; 283725; 283957; 283968; 283969; 283970; 284692; 284693; 286720; 286837; 287834; 287880; 287911; 287930; 287931; 288488; 288551; 288555; 290353; 291731; 294975; 297656; 297657; 297658; 297659; 297660; 297662; 297890; 297895; 297913; 299195; 299231; 299276; 299290; 299309; 299996; 300110; 301825; 301843; 304889; 304990; 305361; 305424; 305438; 305451; 307268; 307277; 309421; 309422; 309423; 309517 |

Rate Info - identifies rate source and level

| Slip ID<br>Dates and Time<br>Posting Status<br>Description | | | Performed by<br>Activity<br>Client<br>Matter | Units<br>DNB Time<br>Est. Time<br>Variance | Rate<br>Rate Info<br>Bill Status | Slip Value |
| --- | --- | --- | --- | --- | --- | --- |
| 281095 | TIME | | DMB | 0.30 | 275.00 | 82.50 |
| 2/6/2023 | | | Legal Services | 0.00 | C@2 | |
| Billed | G:17733 | 3/20/2023 | SMART Pen(C-L) | 0.00 | | |
| Review and edit request for entry of default. | | | NY Chutes | 0.00 | | |
| 281322 | TIME | | CMC | 0.60 | 150.00 | 90.00 |
| 2/6/2023 | | | Legal Services | 0.00 | C@6 | |
| Billed | G:17733 | 3/20/2023 | SMART Pen(C-L) | 0.00 | | |
| Draft and file request for entry of default and<br>correspond with DB re the same. | | | NY Chutes | 0.00 | | |
| 281348 | TIME | | CMC | 3.50 | 150.00 | 525.00 |
| 2/8/2023 | | | Legal Services | 0.00 | C@6 | |
| Billed | G:17733 | 3/20/2023 | SMART Pen(C-L) | 0.00 | | |
| Draft motion for default judgment and supporting<br>documents. | | | NY Chutes | 0.00 | | |
| 281025 | TIME | | DMB | 0.20 | 275.00 | 55.00 |
| 2/9/2023 | | | Legal Services | 0.00 | C@2 | |
| Billed | G:17733 | 3/20/2023 | SMART Pen(C-L) | 0.00 | | |
| Review entry of default. | | | NY Chutes | 0.00 | | |
| 281084 | TIME | | DMB | 2.20 | 275.00 | 605.00 |
| 2/9/2023 | | | Legal Services | 0.00 | C@2 | |
| Billed | G:17733 | 3/20/2023 | SMART Pen(C-L) | 0.00 | | |
| Review and edit motion for default judgment,<br>memorandum in support, proposed order and<br>declaration in support; prepare correspondence to T.<br>Loving enclosing same for review. | | | NY Chutes | 0.00 | | |
| 281362 | TIME | | CMC | 0.10 | 150.00 | 15.00 |
| 2/9/2023 | | | Legal Services | 0.00 | C@6 | |
| Billed | G:17733 | 3/20/2023 | SMART Pen(C-L) | 0.00 | | |
| Review correspondence re motion for default<br>judgment. | | | NY Chutes | 0.00 | | |

11/14/2023                               Mooney Green Saindon Murphy & Welch, P.C.
3:28 PM                                                  Slip Listing                                              Page      2

| Slip ID | | Performed by | Units | Rate | Slip Value |
| Dates and Time | | Activity | DNB Time | Rate Info | |
| Posting Status | | Client | Est. Time | Bill Status | |
| Description | | Matter | Variance | | |
|---|---|---|---|---|---|
| 281363 | TIME | CMC | 0.10 | 150.00 | 15.00 |
| 2/9/2023 | | Legal Services | 0.00 | C@6 | |
| Billed | G:17733 | 3/20/2023 SMART Pen(C-L) | 0.00 | | |
| Review clerk's entry of default. | | NY Chutes | 0.00 | | |
| 283722 | TIME | CMC | 0.50 | 150.00 | 75.00 |
| 3/23/2023 | | Legal Services | 0.00 | C@6 | |
| Billed | G:17858 | 4/24/2023 SMART Pen(C-L) | 0.00 | | |
| Draft and file request for entry of default and send service copy. | | NY Chutes | 0.00 | | |
| 286720 | TIME | DMB | 0.20 | 275.00 | 55.00 |
| 3/23/2023 | | Legal Services | 0.00 | C@2 | |
| Billed | G:17858 | 4/24/2023 SMART Pen(C-L) | 0.00 | | |
| Review and edit request for entry of default. | | NY Chutes | 0.00 | | |
| 283723 | TIME | CMC | 0.30 | 150.00 | 45.00 |
| 3/29/2023 | | Legal Services | 0.00 | C@6 | |
| Billed | G:17858 | 4/24/2023 SMART Pen(C-L) | 0.00 | | |
| Call clerk regarding entry of default; review entry of default. | | NY Chutes | 0.00 | | |
| 283724 | TIME | CMC | 1.00 | 150.00 | 150.00 |
| 3/29/2023 | | Legal Services | 0.00 | C@6 | |
| Billed | G:17858 | 4/24/2023 SMART Pen(C-L) | 0.00 | | |
| Update motion for default judgment and supporting documents pursuant to amended complaint. | | NY Chutes | 0.00 | | |
| 283725 | TIME | CMC | 0.60 | 150.00 | 90.00 |
| 3/30/2023 | | Legal Services | 0.00 | C@6 | |
| Billed | G:17858 | 4/24/2023 SMART Pen(C-L) | 0.00 | | |
| Draft declaration in support of attorneys' fees. | | NY Chutes | 0.00 | | |
| 283968 | TIME | DMB | 0.80 | 275.00 | 220.00 |
| 3/30/2023 | | Legal Services | 0.00 | C@2 | |
| Billed | G:17858 | 4/24/2023 SMART Pen(C-L) | 0.00 | | |
| Review and edit motion for default judgment, memorandum in support, declaration in support and proposed order; correspond with T. Loving regarding same. | | NY Chutes | 0.00 | | |
| 284692 | TIME | CMC | 0.50 | 150.00 | 75.00 |
| 3/30/2023 | | Legal Services | 0.00 | C@6 | |
| Billed | G:17858 | 4/24/2023 SMART Pen(C-L) | 0.00 | | |
| Edit motion for default judgment. | | NY Chutes | 0.00 | | |
| 283957 | TIME | CMC | 0.70 | 150.00 | 105.00 |
| 3/31/2023 | | Legal Services | 0.00 | C@6 | |
| Billed | G:17858 | 4/24/2023 SMART Pen(C-L) | 0.00 | | |
| Finalize and file motion for default judgment and send service and courtesy copies. | | NY Chutes | 0.00 | | |

11/14/2023                         Mooney Green Saindon Murphy & Welch, P.C.
3:28 PM                                        Slip Listing                                    Page      3

| Slip ID | | Performed by | Units | Rate | Slip Value |
|---|---|---|---|---|---|
| Dates and Time | | Activity | DNB Time | Rate Info | |
| Posting Status | | Client | Est. Time | Bill Status | |
| Description | | Matter | Variance | | |
| 283969 | TIME | DMB | 0.50 | 275.00 | 137.50 |
| 3/31/2023 | | Legal Services | 0.00 | C@2 | |
| Billed | G:17858       4/24/2023 | SMART Pen(C-L) | 0.00 | | |
| Review and edit declaration in support of attorneys' fees. | | NY Chutes | 0.00 | | |
| 283970 | TIME | DMB | 0.50 | 275.00 | 137.50 |
| 3/31/2023 | | Legal Services | 0.00 | C@2 | |
| Billed | G:17858       4/24/2023 | SMART Pen(C-L) | 0.00 | | |
| Review and edit motion for default judgment and supporting documents for filing. | | NY Chutes | 0.00 | | |
| 284693 | TIME | CMC | 0.50 | 150.00 | 75.00 |
| 3/31/2023 | | Legal Services | 0.00 | C@6 | |
| Billed | G:17858       4/24/2023 | SMART Pen(C-L) | 0.00 | | |
| Finalize and file motion for default judgment. | | NY Chutes | 0.00 | | |
| 288488 | TIME | CMC | 0.10 | 150.00 | 15.00 |
| 4/3/2023 | | Legal Services | 0.00 | C@6 | |
| Billed | G:17950       5/26/2023 | SMART Pen(C-L) | 0.00 | | |
| Review order setting hearing and calendar new date. | | NY Chutes | 0.00 | | |
| 287880 | TIME | DMB | 0.20 | 275.00 | 55.00 |
| 4/5/2023 | | Legal Services | 0.00 | C@2 | |
| Billed | G:17950       5/26/2023 | SMART Pen(C-L) | 0.00 | | |
| Review correspondence from employer regarding motion for default judgment. | | NY Chutes | 0.00 | | |
| 288551 | EXP | BJJ | 1 | 36.00 | 36.00 |
| 4/9/2023 | | Messengers | | | |
| Billed | G:17950       5/26/2023 | SMART Pen(C-L) | | | |
| Messengers | | NY Chutes | | | |
| 288555 | EXP | BJJ | 1 | 36.00 | 36.00 |
| 4/9/2023 | | Messengers | | | |
| Billed | G:17950       5/26/2023 | SMART Pen(C-L) | | | |
| Messengers | | NY Chutes | | | |
| 286837 | TIME | DMB | 0.30 | 275.00 | 82.50 |
| 4/12/2023 | | Legal Services | 0.00 | C@2 | |
| Billed | G:17950       5/26/2023 | SMART Pen(C-L) | 0.00 | | |
| Prepare correspondence to employer regarding revised audit amounts due and motion for default judgment. | | NY Chutes | 0.00 | | |
| 287911 | TIME | DMB | 0.20 | 275.00 | 55.00 |
| 4/20/2023 | | Legal Services | 0.00 | C@2 | |
| Billed | G:17950       5/26/2023 | SMART Pen(C-L) | 0.00 | | |
| Review correspondence from employer regarding motion for default judgment. | | NY Chutes | 0.00 | | |

11/14/2023                          Mooney Green Saindon Murphy & Welch, P.C.
3:28 PM                                        Slip Listing                                          Page      4

| Slip ID | | | Performed by | Units | Rate | Slip Value |
|---|---|---|---|---|---|---|
| Dates and Time | | | Activity | DNB Time | Rate Info | |
| Posting Status | | | Client | Est. Time | Bill Status | |
| Description | | | Matter | Variance | | |
| 287930 | TIME | | DMB | 0.90 | 275.00 | 247.50 |
| 4/21/2023 | | | Legal Services | 0.00 | C@2 | |
| Billed | G:17950 | 5/26/2023 | SMART Pen(C-L) | 0.00 | | |
| Travel to and from hearing on motion for default judgment. | | | NY Chutes | 0.00 | | |
| 287931 | TIME | | DMB | 0.60 | 275.00 | 165.00 |
| 4/21/2023 | | | Legal Services | 0.00 | C@2 | |
| Billed | G:17950 | 5/26/2023 | SMART Pen(C-L) | 0.00 | | |
| Attend hearing on motion for default judgment. | | | NY Chutes | 0.00 | | |
| 287834 | TIME | | DMB | 0.70 | 275.00 | 192.50 |
| 4/29/2023 | | | Legal Services | 0.00 | C@2 | |
| Billed | G:17950 | 5/26/2023 | SMART Pen(C-L) | 0.00 | | |
| Research regarding appropriateness of default following failure to be represented by licensed counsel; prepare supplement to motion for default judgment. | | | NY Chutes | 0.00 | | |
| 290353 | TIME | | DMB | 0.50 | 275.00 | 137.50 |
| 5/1/2023 | | | Legal Services | 0.00 | C@2 | |
| Billed | G:18098 | 6/30/2023 | SMART Pen(C-L) | 0.00 | | |
| Review correspondence from T. Loving regarding supplemental brief; edit same; file same. | | | NY Chutes | 0.00 | | |
| 291731 | TIME | | CMC | 0.20 | 150.00 | 30.00 |
| 5/1/2023 | | | Legal Services | 0.00 | C@6 | |
| Billed | G:18098 | 6/30/2023 | SMART Pen(C-L) | 0.00 | | |
| Review filed supplemental brief and send service copy. | | | NY Chutes | 0.00 | | |
| 294975 | EXP | | CMC | 1 | 11.82 | 11.82 |
| 5/8/2023 | | | Express Mail | | | |
| Billed | G:18098 | 6/30/2023 | SMART Pen(C-L) | | | |
| Express mail | | | NY Chutes | | | |
| 297656 | TIME | | DMB | 2.00 | 275.00 | 550.00 |
| 7/18/2023 | | | Legal Services | 0.00 | C@2 | |
| Billed | G:18178 | 8/30/2023 | SMART Pen(C-L) | 0.00 | | |
| Prepare memorandum in support of renewed motion for default judgment including updated factual background and argument concerning adoption by conduct. | | | NY Chutes | 0.00 | | |
| 297890 | TIME | | DMB | 1.00 | 275.00 | 275.00 |
| 7/18/2023 | | | Legal Services | 0.00 | C@2 | |
| Billed | G:18178 | 8/30/2023 | SMART Pen(C-L) | 0.00 | | |
| Edit memo in support of renewed motion for default judgment; prepare correspondence to T. Loving enclosing same for review. | | | NY Chutes | 0.00 | | |

11/14/2023                          Mooney Green Saindon Murphy & Welch, P.C.
3:28 PM                                          Slip Listing                                    Page     5

| Slip ID | | | Performed by | Units | Rate | Slip Value |
|---|---|---|---|---|---|---|
| Dates and Time | | | Activity | DNB Time | Rate Info | |
| Posting Status | | | Client | Est. Time | Bill Status | |
| Description | | | Matter | Variance | | |
| 297657 | TIME | | DMB | 0.40 | 275.00 | 110.00 |
| 7/19/2023 | | | Legal Services | 0.00 | C@2 | |
| Billed | G:18178 | 8/30/2023 | SMART Pen(C-L) | 0.00 | | |
| Prepare renewed motion for default judgment and proposed order. | | | NY Chutes | 0.00 | | |
| 297658 | TIME | | DMB | 0.50 | 275.00 | 137.50 |
| 7/19/2023 | | | Legal Services | 0.00 | C@2 | |
| Billed | G:18178 | 8/30/2023 | SMART Pen(C-L) | 0.00 | | |
| Review revised Bardes declaration and edit same. | | | NY Chutes | 0.00 | | |
| 297659 | TIME | | DMB | 0.40 | 275.00 | 110.00 |
| 7/19/2023 | | | Legal Services | 0.00 | C@2 | |
| Billed | G:18178 | 8/30/2023 | SMART Pen(C-L) | 0.00 | | |
| Review renewed motion for default judgment and supporting documents to be filed. | | | NY Chutes | 0.00 | | |
| 297660 | TIME | | CMC | 0.50 | 150.00 | 75.00 |
| 7/19/2023 | | | Legal Services | 0.00 | C@6 | |
| Billed | G:18178 | 8/30/2023 | SMART Pen(C-L) | 0.00 | | |
| Draft Bardes declaration in support of renewed motion for default judgment. | | | NY Chutes | 0.00 | | |
| 297662 | TIME | | CMC | 0.80 | 150.00 | 120.00 |
| 7/19/2023 | | | Legal Services | 0.00 | C@6 | |
| Billed | G:18178 | 8/30/2023 | SMART Pen(C-L) | 0.00 | | |
| Finalize and file response to show cause order, renewed motion for default judgment, and objections to report and recommendations. | | | NY Chutes | 0.00 | | |
| 297895 | TIME | | DMB | 1.00 | 275.00 | 275.00 |
| 7/19/2023 | | | Legal Services | 0.00 | C@2 | |
| Billed | G:18178 | 8/30/2023 | SMART Pen(C-L) | 0.00 | | |
| Revise memo in support of renewed motion for default judgment based on comments from T. Loving and H. Mooneyham. | | | NY Chutes | 0.00 | | |
| 297913 | TIME | | DMB | 0.80 | 275.00 | 220.00 |
| 7/19/2023 | | | Legal Services | 0.00 | C@2 | |
| Billed | G:18178 | 8/30/2023 | SMART Pen(C-L) | 0.00 | | |
| Prepare response to Magistrate's report and recommendations. | | | NY Chutes | 0.00 | | |
| 299195 | TIME | | CMC | 1.30 | 150.00 | 195.00 |
| 7/19/2023 | | | Legal Services | 0.00 | C@6 | |
| Billed | G:18178 | 8/30/2023 | SMART Pen(C-L) | 0.00 | | |
| Edit, finalize, and file renewed motion for default judgment, objections to report and recommendations, and response to show cause order and send service and courtesy copies. | | | NY Chutes | 0.00 | | |

11/14/2023            Mooney Green Saindon Murphy & Welch, P.C.
3:28 PM                      Slip Listing                      Page     6

| Slip ID Dates and Time Posting Status Description | | Performed by Activity Client Matter | Units DNB Time Est. Time Variance | Rate Rate Info Bill Status | Slip Value |
|---|---|---|---|---|---|
| 299231 7/20/2023 Billed | TIME G:18178    8/30/2023 Review docket and calendar gearing date. | CMC Legal Services SMART Pen(C-L) NY Chutes | 0.10 0.00 0.00 0.00 | 150.00 C@6 | 15.00 |
| 299276 7/26/2023 Billed | TIME G:18178    8/30/2023 Review order denying second motion for default judgment. | CMC Legal Services SMART Pen(C-L) NY Chutes | 0.30 0.00 0.00 0.00 | 150.00 C@6 | 45.00 |
| 299996 7/26/2023 Billed | TIME G:18178    8/30/2023 Review court order concerning consideration of second motion for default judgment. | DMB Legal Services SMART Pen(C-L) NY Chutes | 0.20 0.00 0.00 0.00 | 275.00 C@2 | 55.00 |
| 299290 7/27/2023 Billed | TIME G:18178    8/30/2023 Review court order and correspondence regarding the motion for default judgment and objection to report and recommendations. | CMC Legal Services SMART Pen(C-L) NY Chutes | 0.20 0.00 0.00 0.00 | 150.00 C@6 | 30.00 |
| 300110 7/27/2023 Billed | TIME G:18178    8/30/2023 Review court order concerning hearing on response to report and recommendations; prepare correspondence to T. Loving regarding same. | DMB Legal Services SMART Pen(C-L) NY Chutes | 0.30 0.00 0.00 0.00 | 275.00 C@2 | 82.50 |
| 299309 7/31/2023 WIP | TIME Call chambers regarding motion hearing day and draft and file new notice of hearing on objection to report and recommendations. | CMC Legal Services SMART Pen(C-L) NY Chutes | 0.50 0.00 0.00 0.00 | 150.00 C@6 | 75.00 |
| 301825 8/1/2023 Billed | TIME G:18362    10/6/2023 Review court order and draft and file new notice of hearing on objection to report and recommendations and send service copy. | CMC Legal Services SMART Pen(C-L) NY Chutes | 0.30 0.00 0.00 0.00 | 150.00 C@6 | 45.00 |
| 304889 8/1/2023 Billed | TIME G:18362    10/6/2023 Review court order requesting rescheduling of hearing on response to R&R; correspond with CMC regarding re-filing of notice of hearing. | DMB Legal Services SMART Pen(C-L) NY Chutes | 0.30 0.00 0.00 0.00 | 275.00 C@2 | 82.50 |

11/14/2023                             Mooney Green Saindon Murphy & Welch, P.C.
3:28 PM                                             Slip Listing                                          Page      7

| Slip ID | | | Performed by | Units | Rate | Slip Value |
|---------|---|---|---|---|---|---|
| Dates and Time | | | Activity | DNB Time | Rate Info | |
| Posting Status | | | Client | Est. Time | Bill Status | |
| Description | | | Matter | Variance | | |
| 301843 | TIME | | CMC | 0.10 | 150.00 | 15.00 |
| 8/3/2023 | | | Legal Services | 0.00 | C@6 | |
| Billed | G:18362 | 10/6/2023 | SMART Pen(C-L) | 0.00 | | |
| Review order on notice of hearing and calendar hearing date. | | | NY Chutes | 0.00 | | |
| 305361 | TIME | | CMC | 0.20 | 150.00 | 30.00 |
| 8/22/2023 | | | Legal Services | 0.00 | C@6 | |
| Billed | G:18362 | 10/6/2023 | SMART Pen(C-L) | 0.00 | | |
| Review order on objection report and recommendations and cancel hearing date. | | | NY Chutes | 0.00 | | |
| 304990 | TIME | | DMB | 0.20 | 275.00 | 55.00 |
| 8/25/2023 | | | Legal Services | 0.00 | C@2 | |
| Billed | G:18362 | 10/6/2023 | SMART Pen(C-L) | 0.00 | | |
| Correspond with CMC regarding notice of hearing to be filed. | | | NY Chutes | 0.00 | | |
| 305424 | TIME | | CMC | 0.30 | 150.00 | 45.00 |
| 8/25/2023 | | | Legal Services | 0.00 | C@6 | |
| Billed | G:18362 | 10/6/2023 | SMART Pen(C-L) | 0.00 | | |
| Draft and file notice of hearing on renewed motion for default judgment. | | | NY Chutes | 0.00 | | |
| 305438 | TIME | | CMC | 0.40 | 150.00 | 60.00 |
| 8/29/2023 | | | Legal Services | 0.00 | C@6 | |
| Billed | G:18362 | 10/6/2023 | SMART Pen(C-L) | 0.00 | | |
| Review correspondence from clerk and refile renewed motion for default judgment and notice of hearing. | | | NY Chutes | 0.00 | | |
| 305451 | TIME | | CMC | 0.10 | 150.00 | 15.00 |
| 8/30/2023 | | | Legal Services | 0.00 | C@6 | |
| Billed | G:18362 | 10/6/2023 | SMART Pen(C-L) | 0.00 | | |
| Review scheduling order and calendar motion for default judgment hearing. | | | NY Chutes | 0.00 | | |
| 307268 | TIME | | CMC | 1.00 | 150.00 | 150.00 |
| 9/21/2023 | | | Legal Services | 0.00 | C@6 | |
| WIP | | | SMART Pen(C-L) | 0.00 | | |
| Print and create binder of relevant pleadings for hearing. | | | NY Chutes | 0.00 | | |
| 309421 | TIME | | DMB | 0.50 | 275.00 | 137.50 |
| 9/21/2023 | | | Legal Services | 0.00 | C@2 | |
| WIP | | | SMART Pen(C-L) | 0.00 | | |
| Prepare for hearing on motion for default judgment. | | | NY Chutes | 0.00 | | |

11/14/2023                              Mooney Green Saindon Murphy & Welch, P.C.
3:28 PM                                              Slip Listing                                      Page      8

| Slip ID | | Performed by | Units | Rate | Slip Value |
|---|---|---|---|---|---|
| Dates and Time | | Activity | DNB Time | Rate Info | |
| Posting Status | | Client | Est. Time | Bill Status | |
| Description | | Matter | Variance | | |
| 307277 | TIME | CMC | 0.10 | 150.00 | 15.00 |
| 9/22/2023 | | Legal Services | 0.00 | C@6 | |
| WIP | | SMART Pen(C-L) | 0.00 | | |
| Review order re: supplemental briefing. | | NY Chutes | 0.00 | | |
| 309422 | TIME | DMB | 0.50 | 275.00 | 137.50 |
| 9/22/2023 | | Legal Services | 0.00 | C@2 | |
| WIP | | SMART Pen(C-L) | 0.00 | | |
| Attend hearing on motion for default judgment. | | NY Chutes | 0.00 | | |
| 309423 | TIME | DMB | 1.10 | 275.00 | 302.50 |
| 9/22/2023 | | Legal Services | 0.00 | C@2 | |
| WIP | | SMART Pen(C-L) | 0.00 | | |
| Travel to and from hearing on motion for default judgment. | | NY Chutes | 0.00 | | |
| 309517 | TIME | DMB | 0.30 | 275.00 | 82.50 |
| 9/25/2023 | | Legal Services | 0.00 | C@2 | |
| WIP | | SMART Pen(C-L) | 0.00 | | |
| Telephone conference with T. Loving regarding hearing on motion for default judgment. | | NY Chutes | 0.00 | | |

Grand Total

|  | | | | | |
|---|---|---|---|---|---|
| | | Billable | 32.50 | | 7158.82 |
| | | Unbillable | 0.00 | | 0.00 |
| | | Total | 32.50 | | 7158.82 |

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **BOARD OF TRUSTEES,**<br>   **SHEET METAL WORKERS' NATIONAL**<br>   **PENSION FUND,** *et. al.*<br>                              **Plaintiffs,**<br><br>**v.**<br><br>**ALBUQUERQUE FIRE/LIFE SAFETY**<br>**CONSULTANTS, LLC D/B/A ABSOLUTE**<br>**MECHANICAL, LLC**<br>                              **Defendant.** | **Case No.** 1:17-CV-00795-CMH-MSN |

<u>**DECLARATION OF LORI WOOD**</u>

1.      I am the Executive Director of the Sheet Metal Workers' National Pension Fund ("NPF") and have held that position since July 2015. I make this declaration upon my personal knowledge and in support of Plaintiffs' request for attorneys' fees in the above captioned matter

2.      I have 25 years of experience working with Taft-Hartley benefit plans. I previously served as the Administrative Director of the Service Employees International Union Pension and Benefit Plans.  Additionally, I have served as Vice President and Interim COO at the Children's Defense Fund and Deputy Chief of Staff of the Service Employees International Union, CTW, CLC.

3.      As Executive Director, I am responsible for the day to day management of the NPF's operations and report directly to the Board of Trustees. Among other things, I manage staff who maintain the NPF's business records, manage the outside legal counsel retained by the Trustees, and supervise staff who monitor the contractually required employer contributions to the Sheet Metal Workers National Benefit Funds, which are comprised of the NPF, International

Training Institute ("ITI"), Sheet Metal Workers' Occupational Health Institute Trust ("SMOHIT"), Sheet Metal Workers' National Supplemental Savings Plan ("NSSP"), National Stabilization Agreement of Sheet Metal Industry ("SASMI"),, the National Energy Management Institute Committee ("NEMIC") and the SMWIA Scholarship Fund ("Scholarship Fund") (collectively, "Funds").

4.     All but two of the Funds are employee benefit plans/trust funds within the meaning of the Employee Retirement Income Security Act ("ERISA"). The Funds provide benefits to eligible employees of contributing employers. Our offices are located in Fairfax, Virginia.

5.     In 2016, NPF issued a request for proposal to qualified law firms to provide collection services to the Funds, including a request for one or more firms to service as National Collections Counsel.

6.     Because the Funds' offices are located in Fairfax, Virginia, and ERISA provides for personal jurisdiction and venue in the judicial district where a fund is administered, the request for proposal for National Collections Counsel was directed at firms who specialize in ERISA collections work and were qualified to practice before the U.S. District Court for the Eastern District of Virginia.

7.     I, along with NPF senior counsel Michelle Woolley and Chairman of the Board of Trustees Joseph Sellers, Jr., constituted the Review Committee that analyzed the responses to the request for proposal from a number of law firms, including the response from Mooney, Green, Saindon, Murphy & Welch, P.C., ("Mooney Green"). The responses included the various rates charged by each law firm for their ERISA collection services.

8.     Upon review of the responses, we recommended that Chairman of the Board of

Trustees Joseph Sellers and Co-Chair of the Board of Trustees Ronald Palmerick, under authority delegated by the full Board of Trustees, select Mooney Green to serve as co-National Collections Counsel. In January 2017, the Trustees of NPF selected Mooney Green to serve as co-National Collections Counsel. Before finalizing the retainer with Mooney Green, NPF negotiated the rates charged for legal services with the firm and the agreed-upon rates are similar to the rates proposed by other experienced ERISA collections counsel who regularly practice in this jurisdiction and responded to our request for proposal.

9.      Based on my experience in this field, the rates charged by Mooney Green are consistent with the prevailing market rates for ERISA collections counsel practicing in this Court.

I have read this declaration in its entirety.  Pursuant to 28 U.S.C. §1746, I certify under penalty of perjury that the foregoing is true and correct.

Executed on ___6/7/17___.

_____
Lori Wood

# EXHIBIT 4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

|  |  |
|---|---|
| BOARD OF TRUSTEES SHEET METAL WORKERS' NATIONAL PENSION FUND, ) ) ) ) | |
| *Plaintiff,* ) ) | |
| v. ) ) | Case No. 1:16-cv-1613 Hon. Liam O'Grady |
| FOUR-C-AIRE, INC., ) ) | |
| *Defendant.* ) ) | |

## ORDER

This matter comes before the Court on Plaintiff Board of Trustees, Sheet Metal Workers' National Pension Fund's (the "Fund") renewed motion for attorney's fees. Dkt. 139. For the following reasons, the fee petition is **GRANTED IN PART** and **DENIED IN PART**. The Court awards Plaintiff $202,766.30 in attorney's fees.

## I.  BACKGROUND

This fee petition stems from legal services rendered by the Fund's counsel at three stages of the Parties' litigation: (1) the initial district court action, (2) the Fund's appeal of the Court's Order granting the Defendant's motion to dismiss, and (3) litigation of the case on remand. Dkt. 140, at 1. The Fund also seeks attorney's fees associated with the instant motion. *Id.*

The Fund originally filed suit to recover payments from Defendant pursuant to a provision of the Employee Retirement Income Security Act of 1974 ("ERISA"), codified at 29 U.S.C. § 1132(g)(2). On April 21, 2017, the Court granted Defendant Four-C-Aire's motion to dismiss the Fund's claims and awarded the Defendant attorney's fees. Dkts. 27, 28. The Fund

appealed the Court's decision. During the pendency of this appeal, Mooney, Green, Saindon, Murphy, & Welch, P.C. ("Mooney Green") substituted as counsel in place of the firm originally hired by the Fund, Slevin & Hart. *See* Dkt. 119, at 2. Mooney Green obtained a successful outcome for the Fund on appeal; the Fourth Circuit vacated and remanded this Court's initial rulings. *Id.* at 1–3.

On remand, the parties engaged in motions practice and discovery. *See id.* at 3; *see, e.g.*, Dkts. 90, 95. The Court ultimately granted the Fund's motion for summary judgment on September 10, 2020. Dkt. 115. Thereafter, Plaintiff filed a motion for attorney's fees, Dkt. 118, which the Court denied, Dkt. 129. Plaintiff then brought this renewed motion. Dkt. 139. The matter is fully briefed and ripe for review.

## II.   **LEGAL STANDARD**

Parties are typically responsible for their own attorney's fees. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). However, two exceptions to this rule exist. First, attorney's fees may be recoverable if a statute so provides. *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 448 (2007). Second, attorney's fees may be recoverable if a contract calls for recovery of attorney's fees by the prevailing party. *Kraft Foods N. Am., Inc. v. Banner Eng'g Sales, Inc.*, 446 F. Supp. 2d 551, 578 (E.D. Va. 2006).

Where, as here, a statute provides for the recovery of attorney's fees by the prevailing party, courts have discretion in determining the appropriate amount to be awarded, *McDonnell v. Miller Oil Co.*, 134 F.3d 638, 640 (4th Cir. 1998), but "there must be evidence supporting the reasonableness of fees." *See United Mktg. Solutions, Inc. v. Fowler*, 2011 WL 837112, at *4 (E.D. Va. Mar. 2, 2011). The party requesting attorney's fees bears the burden of establishing the reasonableness of its fee request. *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990); *Cook v.*

2

*Andrews*, 7 F. Supp. 2d 733, 736 (E.D. Va. 1998). Reasonableness is established "both by showing the reasonableness of the rate claimed and the number of hours spent." *Rehab. Ass'n of Va., Inc. v. Metcalf*, 8 F. Supp. 2d 520, 527 (E.D. Va. 1998).

The Fourth Circuit has established a three-step process for determining the reasonableness of attorney's fees. *Smith v. Loudoun Cnty. Pub. Schs.*, 2017 WL 176510, at *1 (E.D. Va. Jan. 17, 2017).

First, the Court must "'determine the lodestar figure by multiplying the number of reasonable hours expended [by] a reasonable rate.'" *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013) (quoting *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009)). In deciding what constitutes reasonable hours expended and a reasonable rate, courts are guided by the following twelve factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson*, 560 F.3d at 243-44 (citing *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978)). In determining the reasonableness of fees, courts need not address all twelve *Robinson* factors. *See Moore v. SouthTrust Corp.*, 392 F. Supp. 2d 724, 733 (E.D. Va. 2005). They "only need discuss in detail 'those factors that are relevant to its determination of the reasonable amount of attorney's fees to award in each particular case.'" *Kennedy v. A Touch of Patience Shared Housing Inc.*, 779 F. Supp. 2d 516, 526 (E.D. Va. 2011); *Dollar Tree Stores, Inc. v. Norcor Bolingbrook Assocs., LLC*, 699 F. Supp. 2d 766, 768 (E.D. Va. 2009). For example, a court has no obligation to consider factors that are "subsumed within the initial calculation of

3

hours expended at a reasonable hourly rate." *Freeman v. Potter*, 2006 WL 2631722, at *2 (W.D. Va. Sept. 13, 2006) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 n.9 (1983)); *see also McAfee*, 738 F.3d at 91 (observing that "[t]o the extent that any of the [*Robinson*] factors has already been incorporated into the lodestar analysis," such factors are not later considered a second time to make an upward or downward adjustment to the lodestar figure because doing so would "inappropriately weigh" them).

Second, after a Court determines the "lodestar figure," it must "subtract fees for hours spent on unsuccessful claims unrelated to successful ones." *Robinson*, 560 F.3d at 244 (internal quotation marks and citation omitted).

Third, the Court awards "some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Robinson*, 560 F.3d at 244 (internal quotation marks and citation omitted). The Court determines this amount based on the individual facts and circumstances of each case. *Carroll v. Wolpoff & Abramson*, 53 F.3d 626, 628 (4th Cir. 1995).

### III.   DISCUSSION

Defendant raises four primary objections to Plaintiff's renewed motion. It asserts that (1) appellate attorney's fees incurred while litigating actions brought pursuant to 29 U.S.C. § 1132(g)(2) are not recoverable absent a Plaintiff's showing of specific factors set forth in *Quesinberry v. Life Life Ins. Co. of North Amer.*, 987 F.2d 1017, 1029 (4th Cir. 1993); (2) Plaintiff did not bill reasonable rates or expend a reasonable amount of time on this matter; (3) Plaintiff did not appropriately subtract fees for unsuccessful claims, and; (4) that the award should be reduced based on the Plaintiff's degree of success. *See generally* Dkt. 142.

#### 1.   Recovery of appellate fees

The Court identifies scant evidence to suggest that it may, at its discretion, refuse to

award reasonable appellate attorney's fees under the relevant statutory provision at issue in this case, 29 U.S.C. § 1132(g)(2). That provision's use of mandatory language contrasts sharply with the text of its neighboring subsection. *Compare id.* § 1132(g)(2) ("[T]he Court *shall* award the plan . . . reasonable attorney's fees and costs of the action, to be paid by the defendant") (emphasis added), *with id.* ¶ 1132(g)(1) ("[T]he court *in its discretion may allow* a reasonable attorney's fee and costs of action to either party.") (emphasis added). As the Third Circuit has recognized, Section 1132(g)(2) does "not differentiate between fees and costs in the district court and fees and costs on appeal; it simply direct[s] attorney's fees and costs to go to a fund if that fund . . . prevail[s]." *Trucking Employees of N. Jersey Welfare Fund, Inc. v. Bellezza Co.*, 57 F. App'x 972, 975 (3d Cir. 2003). Other Circuits embrace this view. *See Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1404 (6th Cir.1995); *Operating Eng'rs Pension Trusts v. B & E Backhoe, Inc.*, 911 F.2d 1347, 1356 (9th Cir.1990); *Sheet Metal Workers Health and Welfare Trust Fund v. Big D Serv. Co.*, 876 F.2d 852, 854 (10th Cir. 1989). The Court therefore rejects Defendant's argument that Plaintiff must make a multi-factor showing before it is eligible to recover appellate attorney's fees in this action. *See* Dkt. 142, at 5–6 (citing *Denzler v. Questech, Inc.*, 80 F.3d 97 (4th Cir. 1996)).

### 2. The reasonableness of Plaintiff's rates and time billed

#### a. Rates charged

Plaintiff's renewed motion cures the fundamental defect that plagued its previous fee petition: it proffers an affidavit from a highly experienced local attorney with requisite knowledge and familiarity of the services rendered in the relevant market. *See* Dkt. 140-3, at 6–11 (Declaration of David Constine, III); *see, e.g., Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 152 F. Supp. 3d 503, 517 (E.D. Va. 2015); *Route Triple Seven Ltd. P'ship*

*v. Total Hockey, Inc.*, 127 F. Supp. 3d 607, 619 (E.D. Va. 2015); *Am. Bird Conservancy v. U.S. Fish & Wildlife Serv.*, 110 F. Supp. 3d 655, 674 (E.D. Va. 2015); *Lux v. Judd*, 868 F. Supp. 2d 519, 532 (E.D. Va. 2012). Constine's declaration draws from his thirty-seven years of experience litigating, *inter alia*, ERISA cases in the Eastern District of Virginia, Alexandria Division. *See* Dkt. 140-3, at 2–3. He makes clear that the rates charged by Plaintiff's attorneys and paralegals more than fall within the bounds of reasonableness, consistent with the *Vienna Metro* Matrix. *See, e.g., Burke v. Mattis*, 315 F. Supp. 3d 907, 913 (E.D. Va. 2018); *Harwood v. Am. Airlines, Inc.*, 2019 WL 3244200, at *2 (E.D. Va. May 16, 2019). Viewed in conjunction with prior awards in similar cases and the affidavits of the Fund's own attorneys, *see* Dkt. 129, at 6–7, the Court finds that the rates charged by Plaintiff's counsel in this litigation represent customary fees for like work in the relevant community. *See Westmoreland Coal Co. v. Cox*, 602 F.3d 276, 290 (4th Cir. 2010) (citing *Robinson*, 560 F.3d at 245). The Court also notes that, consistent with other rulings in this District, Plaintiff has stipulated to a reduction in its rate for travel time to $100 per hour. *See* Dkt. 146, at 20. The Court will therefore reduce Plaintiff's fee request by $1,657.50, from $236,769.67 to $235,112.17, before all other reductions are made. *See id.*

### b. Time billed

Defendant's opposition also challenges as unreasonable the time and labor expended by Plaintiff's attorneys and paralegals in prosecuting this action. It asserts that both Slevin & Hart and Mooney Green engaged in duplicative billing, participated in unnecessary meetings, and performed other unneeded tasks. *See* Dkt. 142, at 23–28.

"[T]here is nothing inherently unreasonable about having multiple attorneys working on the same pleading, meeting regarding the same issues, and reviewing the same or similar

documents." Dkt. 146, at 4 (citing *Page v. Virginia State Bd. of Elections*, 2015 WL 11256614, at *9 (E.D. Va. Mar. 11, 2015). At the same time, Plaintiff bears the burden of establishing a fee request's reasonableness. *See Plyler*, 902 F.2d at 277. To that end, the Fourth Circuit has cautioned against use of multiple counsel for tasks where such use is not justified by the contributions of each attorney. *See Spell v. McDaniel*, 852 F.2d 762, 763–64, 767–70 (4th Cir. 1988).

Scrutiny of Plaintiff's billing entries reveals intermittent overstaffing and occasional redundancy. *See, e.g.*, Dkt. 146-1, at 23–24 (multiple attorneys reviewing the same amicus brief over several days); *id.* at 38 (repetitively downloading, reviewing, and discussing a single issue). However, the Court will not bar recovery for any and all billing entries associated with multiple attorneys. *See, e.g.*, Dkt. 142-1, at 3 (Table 5). This case was complex, and it warranted at least some of the teaming to which Defendant now objects.

In addition to modest overstaffing, the Court also identifies limited vague entries that do not disclose the nature or relevance of certain tasks, and which frustrate any attempt to assess the reasonableness of the time devoted thereto. *Route Triple Seven Ltd., P'ship v. Total Hockey, Inc.*, 127 F. Supp. 3d 607, 621 (E.D. Va. 2015). The Court appreciates "the practical issues with a court-imposed requirement for highly-detailed billing entries, especially when clients do not necessarily demand the same level of specificity." *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 234 F. Supp. 3d 760, 775 (E.D. Va. 2017). "Attorneys are understandably occupied when preparing for trial, and they may not always have a perfect recollection of what tasks they completed throughout the day (or the week)." *Id.* However, this dissonance cannot excuse billing annotations that defeat a Defendant's ability to impeach the propriety of charges. Plaintiff's counsel's task descriptions, by and large, provide enough information to assess

whether they are compensable, at least when read in conjunction with the trajectory of the case. But a few stray line items provide insufficient information to assess a task's importance or purpose within the broader litigation. *See, e.g.,* Dkt. 146-1, at 59 ("Review various briefs to prepare for meeting to review outline of argument"); *id.* at 144 (CMC, LPM, and DMB all billing for a generic fee petition teleconference).

Finally, the Court identifies numerous entries that represent "purely clerical or secretarial tasks," which are not compensable for purposes of an attorney's fees award. *See Gregory v. Belfor USA Grp. Inc.*, 2014 WL 468923, at \*6 (E.D. Va. Feb. 4, 2014) (quoting *Lemus v. Burnham Painting & Drywall Corp.*, 426 F. App'x 543, 545 (9th Cir. 2011)). Examples of clerical and secretarial tasks include:

> collating and filing documents with the court, issuing summonses, scanning and mailing documents, reviewing files for information; printing pleadings and preparing sets of orders; document organization; creating notebooks or files and updating attorneys' calendars; assembling binders; emailing documents; and logistical telephone calls with the clerk's office or the judge's chambers.

*Two Men & A Truck Int'l Inc. v. A Mover Inc.*, 128 F. Supp. 3d 919, 929–30 (E.D. Va. 2015). In this action, Plaintiff seeks compensation for numerous secretarial tasks, including, *inter alia,* calendaring due dates, *see* Dkt. 146-1, at 9, 143, downloading documents from the docket sheet, *id.* at 16, 38, 134, printing cases, *id.* at 30, creating binders, *id.* at 59, 61, reviewing and corresponding with third-party printers, *id.* at 20, 23, 32, teleconferencing with the clerk's office and chambers, *id.* at 7, 140, forwarding emails, *id.* at 34, formatting documents, *id.* at 127, and submitting filings with the court, *id.* at 43, 47, 134, 138, 148. All this work is part of a law office's overhead and should not be included in the fee petition. *A Mover Inc.*, 128 F. Supp. 3d at 929.

Based on the foregoing, the Court finds that an across-the-board reduction of 10% to Plaintiff's fee request is warranted after all other reductions are made. This metric takes into

consideration Plaintiff's apparent good faith decision to forgo fees for certain tasks. *See, e.g.*, Dkt. 140, at 4 n.2, 8 & n.6, 12 n.7–8.

### c. The *Robinson* factors

Defendant implies that Plaintiff fails to make an exhaustive showing under each of the *Robinson* factors. *See generally* Dkt. 142. However, as the Court made clear in its prior Order denying Plaintiff's initial fee petition, Plaintiff need not submit a rote analysis of every *Robinson* factor, as "several of these factors may be 'subsumed within the initial calculation of hours expended at a reasonable hourly rate.'" Dkt. 129, at 8 (citing *Freeman*, 2006 WL 2631722, at *2); *see also id.* (citing *W.A.K. ex rel. Karo v. Wachovia Bank, N.A.*, 2010 WL 3074393, at *4 (E.D. Va. Aug. 5, 2010) ("Common sense also dictates that an exhaustive discussion of each *Robinson* factor is unnecessary in certain cases.").

The Court did request "more explicit coverage" of the interaction between the fees charged by Plaintiff's counsel and the "opportunity cost, skill required, and expectations at the outset of the litigation." *See* Dkt. 129, at 9. Defendant contests the sufficiency of Plaintiff's showing as to these factors. *See* Dkt. 142, at 6–13. The Court finds this objection to be without merit.

The ultimate legal question undergirding this case was a complex, novel issue in federal labor law, as evidenced by Defendant's own statements in its filings, Dkt. 146, at 12, and the thirty-page opinion issued by the Fourth Circuit reversing the Court's grant of the Defendant's motion to dismiss, Dkt. 65. Settlement of the Plaintiff's separate claims prior to Plaintiff's appeal to the Fourth Circuit does not detract from the matter's complexity. *See* Dkt. 146, at 13. And Plaintiff's recounting of its history litigating analogous claims makes clear that this matter was all but routinized. *See id.* at 12–13.

9

As for the skill required to properly perform the legal services rendered, *Robinson*, 560 F.3d at 243–44, the Court reiterates that the rates charged by Plaintiff's counsel are commensurate with the expertise and experience that were needed to obtain a successful outcome for the Fund. To the extent Defendant challenges the Plaintiff's factoring of the third *Robinson* factor in its fee request based on "excessive, redundant, or otherwise unnecessary" hours, Dkt. 142, at 7–8, the Court has already imposed a top line reduction based on this issue. *See supra.* No further adjustment is warranted.

Turning to Plaintiff's counsel's opportunity costs associated with prosecuting this action, Defendant urges the Court to impose an impracticable and virtually insurmountable hurdle to recovery under *Robinson*; it would have Plaintiff identify all lost matters or clients resulting from its work on this matter. *See* Dkt. 142, at 9. Alternatively, Defendant argues that opportunity cost is irrelevant in this case because it applies only to "small firms" that are less than sixteen attorneys. *Id.* at 9–10. Finally, Defendant points to the cumulative hours Mooney Green expended over the multi-year period of this litigation, and notes that the primary attorneys staffing the case "average[d] less than three hours per week." *Id.*

The Court finds these arguments unpersuasive. Defendant identifies no precedent that opportunity cost considerations cannot apply to a sixteen-attorney firm. That work for the Fund "necessarily precluded [Mooney Green] from substantially working on other matters for other clients during certain points of litigation" is not "entirely speculative." Dkt. 142, at 9. Plaintiff convincingly explains that this case's time commitment was highly volatile, such that it imposed time barriers on certain business development efforts. *See* Dkt. 146, at 14 ("[I]t is a mistake to conclude that [one Partner] spent 3 hours per week on this case over three years when she spent 276.9 hours on the remand to the district court alone."). Defendant appears to concede this

point, recognizing that "there were many months where little activity was conducted." *See* Dkt. 142, at 9. Accordingly, the Court will not discount Mooney Green's fees based on *Robinson*'s fourth factor.

Finally, Plaintiff's expectations at the outset of the litigation do not counsel in favor of further reductions to the attorney's fee award. *Cf. Espinoza v. Hillwood Square Mutual Ass'n*, 532 F. Supp. 440, 450 (E.D. Va. 1982). As Plaintiff explains, it is not seeking an increase in its rates based on a low probability of success. On the contrary, Plaintiff eliminated nearly $30,000 in fees from its original petition in an exercise of discretion. *See* Dkt. 146. The Court therefore finds no reason to further reduce the award based on *Robinson*'s sixth factor.

The Court finds that the remaining *Robinson* factors either are immaterial, *see* Dkt. 142, at 17–18 (discussing Factors 10 and 11), or subsumed within the Court's inquiry of the other *Robinson* factors and the reasonableness of Plaintiff's counsel's rate charged and time expended, *see id.* at 18 ("Regarding Factor #12, the Fund refers the court to Factor #5, and Four-C-Aire does the same.").

### 3. Unsuccessful claims and motions

Defendant correctly observes that Plaintiff should not be awarded fees for unsuccessful claims and motions. *See Salim v. Dahlberg*, 2016 WL 2930943, at *2 (E.D. Va. May 18, 2016).

The <u>first</u> category of unsuccessful work took place during the initial trial proceedings. *See* Dkt. 146, at 20. Plaintiff openly admits that only one of its three original claims, the exit contribution claim, prevailed. *Id.* Plaintiff therefore proposes a fee award for only one third of the billing associated with that stage of the proceedings. Dkt. 140, at 25–26. The Defendant objects, complaining that Plaintiff cites no evidence that the issue on which it ultimately prevailed represented a proportionate share of the billing during that phase of the litigation. Dkt.

11

142, at 22–23. After reviewing the billing entries and filings from that period, the Court determines that Plaintiff's proposed reduction is reasonable. This billing stemmed from a common core of operative facts. *See, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)); *Brodziak v. Runyon*, 145 F.3d 194, 197 (4th Cir. 1998); *Andrade v. Aerotek, Inc.*, 852 F. Supp. 2d 637, 640 (D. Md. 2012); *see also* Dkt. 146, at 21 ("Plaintiff jointly claimed that Defendant was signatory to or bound by a collective bargaining with the local union, that Defendant had benefit contribution obligations to Plaintiff as a result of being bound by a collective bargaining agreement, and that Defendant was bound by the trust document."). Plaintiff's exit claim is not "distinct in all respects" from the other two claims it originally asserted. *Hensley*, 461 U.S. at 440; *see also id.* at 435 ("Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis."). Further, there exists no practical methodology to further partition Plaintiff's counsel's initial billing entries, and the Court will not provide Defendant a windfall by denying any fee award from this stage of the litigation. Plaintiff's counsel's discretionary write-off of billing entries from this period supports the propriety of Plaintiff's proposed fractional reduction.[1] *See* Dkt. 140, at 3 ("For the legal work required during this stage of the litigation, Slevin & Hart billed a total of 151.1 hours in the initial district court: 129.4 of which the [Fund] seeks in its Motion (before adjustment for unsuccessful claims."); *see Cox*, 234 F. Supp. 3d at 773 ("The hours claimed by BMG's attorneys are largely reasonable for a case of this complexity and magnitude. The reasonableness of these hours is enhanced by the fact that Michael Allan has used his billing judgment to eliminate almost $1 million in fees from the total tally.").

---

[1] The Court also will not invalidate any fee award for work performed by Selvin & Hart simply because Plaintiff provides Slevin & Hart's billing invoices without an accompanying affidavit from Slevin & Hart's attorney-timekeepers. *Contra* Dkt. 142, at 21 ("Since *Robinson* rejects an affidavit by one attorney as sufficient evidence of the rates of other attorneys, it contemplates affidavits by each timekeeper.").

The second portion of unsuccessful work for which Plaintiff seeks fees is Plaintiff's first motion for attorney's fees, which the Court denied without prejudice. *See* Dkt. 129. Certainly, "time spent defending entitlement to attorney's fees is properly compensable" under a fee-shifting statute. *See Trimper v. City of Norfolk, Va.*, 58 F.3d 68, 77 (4th Cir. 1995). However, the $13,487.50 Plaintiff seeks for time spent on its fee petition exceeds amounts that have been found unreasonable by the Fourth Circuit. *See id.* at 77 ("In the instant case, Trimper likewise asked for an inordinate amount for the fees phase of the lawsuit—$11,176."). Defendant correctly observes that this unacceptably large amount owes to Plaintiff's need to file two motions for attorney's fees. *See* Dkt. 142, at 29–30. But even excluding Plaintiff's "fees-on-fees" billing associated with Plaintiff's original failed fee petition, *see* Dkt. 140-1, at 70–71, the hours and fees charged in connection with the renewed motion for attorney's fees goes beyond that which courts in this District find palatable. *Compare Harwood v. Am. Airlines, Inc.*, 2019 WL 3244200, at *4 (E.D. Va. May 16, 2019) (finding thirty-three hours spent on a fee petition unreasonable), *and Capital Hospice v. Global One Lending, LLC*, 2009 WL 10730781, at *4 (E.D. Va. July 1, 2009) ("Here, 12.7 hours of an attorney's time preparing a fee petition seems excessive, particularly given that such work is relatively straightforward and much of it could have been delegated to staff. The Court therefore will cut the amount of hours spent preparing the fee petition in half, from 12.7 hours to 6.35 hours."), *with* Dkt. 140-1, at 71–72 (outlining more than thirty hours of work on Plaintiff's renewed fee petition, for which Mooney Green charged nearly $7,500). The Court will therefore award Plaintiff only 50% of the fees associated with Plaintiff's renewed fee petition, or $3,671.25, *see* Dkt. 140-1, at 70–71, rather than the $13,487.50 originally sought for "fees on fees." This reduction will be applied before the 10% top line adjustment outlined in Section III.2.b.

13

### 4. Plaintiff's degree of success

In a short paragraph concluding its opposition brief, Defendant asks the Court to reduce Plaintiff's fee award by an unspecified amount because "the Fund prevailed on only one of its two original claims." Dkt. 142, at 29. This argument essentially repackages Defendant's argument regarding the Fund's unsuccessful claims and fails to account for the approximate parity between the amount sought in the Fund's operative complaint, *see generally* Dkt. 18, and the final judgment entered in favor of the Fund, *see generally* Dkt. 117. Giving "primary consideration to the amount of damages awarded as compared to the amount sought," the Court will not impose any further reductions on the fees sought by Plaintiff. *See Hetzel v. Cty. of Prince William*, 89 F.3d 169, 173 (4th Cir. 1996) (citing *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)).

### IV.    CONCLUSION

Plaintiff seeks a total of $235,112.17 in fees in its renewed motion. Dkt. 146, at 21, *see also* Dkt. 140. For the reasons set forth above, this motion is **GRANTED IN PART** and **DENIED IN PART.** After reducing Plaintiff's proposed award by $9,816.25 to account for excessive "fees on fees" billing and applying a 10% topline reduction of $22,529.59 to account for overbilling, vagueness, and clerical tasks, the Court awards Plaintiff $202,766.30 in attorney's fees.

It is **SO ORDERED**.

February 3, 2021
Alexandria, Virginia

Liam O'Grady
United States District Judge

14

# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

AUG 13 2013

CLERK U.S. ...
A ... VA

BOARD OF TRUSTEES,                    )
SHEET METAL WORKERS' NATIONAL )
PENSION FUND,                         )
                                      )
          Plaintiff,                  )
                                      )
v.                                    )    Civil Action No. 1:12-cv-18
                                      )
AEROMARK MECHANICAL, INC.,            )
                                      )
          Defendant.                  )

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiff's Motion for Entry of Judgment Awarding Liquidated Damages and Attorneys' Fees and Related Costs.

Plaintiff, Board of Trustees for the Sheet Metal Workers' National Pension Fund (the "Fund"), is a multiemployer defined benefit pension fund that brought suit on January 6, 2012 against Defendant Aeromark Mechanical, Inc. ("Aeromark"). Aeromark is a small, privately owned company with its principal place of business in New Jersey that entered into a collective bargaining agreement with Sheet Metal Workers' International Association Local Union 25 of Northern New Jersey ("CBA"). This CBA was entered into on or about April 28, 2008 and included the terms and conditions of Aeromark's participation in the Fund, including specifying that Aeromark was to make contributions to

1

the Fund retroactively from January 1, 2008 through August 31, 2010.  The Fund determined that on or about October 1, 2010, Aeromark effected a complete withdrawal from the Fund as defined in Section 4203 of ERISA, 29 U.S.C. § 1383.  On May 20, 2011, Aeromark received a Notice and Demand for payment of the withdrawal liability issued by the Fund in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1).

Plaintiff sought to collect delinquent withdrawal liability in the amount of $22,242.92 owed to Plaintiff under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPAA"), 29 U.S.C. §§ 1001, et seq. (1982).  The Complaint also sought interest in the minimum amount of $1,071.20, liquidated damages in the minimum amount of $4,448.58, attorneys' fees, and costs pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

On January 22, 2013, Defendant sent the Fund a check for $25,060.82 which equaled the withdrawal liability plus interest owed through February 1, 2013.  At the Final Pre-Trial Conference on February 21, 2013, it was represented to this Court that the only issue remaining was an award of fees to Plaintiff.  Plaintiff is now seeking an entry of judgment awarding liquidated damages, attorneys' fees, and costs pursuant to ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2).  The Fund

2

requests entry of judgment in the amount of $4,448.58 in liquidated damages, $58,690.50 in attorneys' and other professional fees, and $3,858.12 in costs, for a total judgment of $66,997.20 against Defendant.

Defendant takes issue with any entry of judgment whatsoever asserting that: this lawsuit was unnecessary, the underlying case is now moot because Aeromark has paid the entire withdrawal amount and interest and therefore judgment cannot be entered (without which Defendant believes ERISA does not authorize the award of liquidated damages, attorneys' fees, or costs), and that the Fund waived its right to seek any damages, attorneys' fees, and costs inasmuch as it filed the instant lawsuit without satisfying the necessary prerequisites under both ERISA and the applicable CBA for this lawsuit. In addition, Defendant asserts the Fund has overstated the fees that it seeks and that the fees are unreasonable.

This case is an action for the recovery of withdrawal liability. For purposes of recovery under ERISA 502(g)(2), actions for withdrawal liability are treated as actions for the recovery of delinquent contributions. Section 4301 of ERISA provides:

> In an action under this section to compel an employer
> to pay withdrawal liability, any failure of the
> employer to make any withdrawal liability payment
> within the time prescribed shall be treated in the

3

same manner as a delinquent contribution (within the
meaning of section 515 [29 U.S.C. 1145]).

29 U.S.C. § 1451(b). Further, regarding delinquent

contributions, 29 U.S.C. § 1145 states:

Every employer who is obligated to make contributions
to a multiemployer plan under the terms of the plan or
under the terms of a collectively bargained agreement
shall, to the extent not inconsistent with law, make
such contributions in accordance with the terms and
conditions of such plan or such agreement.

29 U.S.C. § 1145.

Under ERISA Section 502(g)(2), a delinquent employer is

liable not only for delinquent contributions but also interest,

liquidated damages, attorneys' fees, and costs in the event that

a multiemployer fund files suit and recovers the contributions.

29 U.S.C. § 1132(g)(2). Specifically, ERISA Section 502(g)(2)

provides for actions involving delinquent contributions by

stating:

In any action under this title by a fiduciary for or
on behalf of the plan to enforce section 515 in which
a judgment in favor of the plan is awarded, the court
shall award the plan...(C) an amount equal to the
greater of – (i) interest on the unpaid contributions,
or (ii) liquidated damages provided for under the plan
in an amount not in excess of 20 percent...of the
amount determined by the court under subparagraph (A),
(D) reasonable attorney's fees and costs of the
action, to be paid by the defendant...

29 U.S.C § 1132(g)(2).

While the Fourth Circuit has yet to address the issue of

whether a plaintiff is entitled to interest, liquidated damages,

4

and attorneys' fees and costs if a defendant pays the withdrawal
liability/delinquent contributions after the suit is filed,
other circuits have addressed this issue. The majority position
holds that payment of the principle does not affect the fund's
right to collect interest, liquidated damages, and attorneys'
fees and costs. The Second Circuit reasoned that because
Congress intended the remedial provisions of 502(g)(2) to have
teeth, "an employer cannot escape its statutory liability for
interest, liquidated damages or double interest, attorney fees,
and costs simply by paying the delinquent contributions before
entry of judgment in a § 502(g)(2) action brought to recover
delinquent contributions." Iron Workers Dist. Council of W. New
York and Vicinity Welfare and Pension Funds v. Hudson Steel
Fabricators & Erectors, Inc., 68 F.3d 1502, 1505 (2d Cir. 1995).
In Hudson Steel, plaintiff filed a motion for summary judgment
and the defendant paid the delinquent contributions in full -
two days before the hearing. Id. The Second Circuit reversed
the district court's ruling that the statutory penalties of 29
U.S.C. § 1132 apply solely to unpaid contributions on the date
of judgment. Id.

In this case, the Defendant paid the withdrawal liability
and interest on January 22, 2013, but did not pay the liquidated
damages or attorneys' fees and costs. When contributions are
paid before entry of a judgment, "the judgment under §

5

1132(g)(2) will necessarily reflect fewer than all of the forms of relief available under that provision if partial relief has been obtained by way of paid-up contributions." Id. at 1507. Accordingly, a judgment in this action should be entered in the total amount of the liquidated damages and attorneys' fees and costs and need not include the withdrawal liability and interest already paid.

Section 502(g)(2) was amended by Congress in 1980 to make the award of liquidated damages and attorneys' fees mandatory rather than discretionary in cases involving delinquent employers. The intent of Section 502(g)(2) is to promote the prompt payment of contributions and assist plans in recovering the costs incurred in connection with delinquencies. Here, the Fund had to pursue legal action to recover the delinquent contributions.

The Third, Fifth, Seventh, Eighth, and Ninth Circuits have also determined that Section 502(g)(2) remedies apply to all contributions that are unpaid at the time a plan files suit, even if those debts are satisfied in whole or in part before judgment is entered. See e.g., UAW Local 259 Soc. Sec. Dep't v. Metro Auto Ctr., 501 F.3d 283, 289 (3d Cir. 2007); Carpenters Amended & Restated Health Benefit Fund v. John W. Ryan Constr. Co., 767 F.2d 1170, 1172 (5th Cir. 1985); Operating Eng'rs Local 139 Health Benefit Fund v. Gustafson Constr. Corp., 258 F.3d

6

645, 654 (7th Cir. 2001); Carpenters & Joiners Welfare Fund v.
Gittleman Corp., 857 F.2d 476, 478 (8th Cir. 1988); Nw. Adm'rs,
Inc. v. Albertson's, Inc., 104 F.3d 253, 258 (9th Cir. 1996).

Regarding the amount of attorneys' fees to award,
applications for compensation are analyzed under a hybrid of the
lodestar analysis and a twelve-factor test which was first
expressed in Johnson v. Georgia Highway Express, Inc., 488 F.2d
714 (5th Cir. 1974) and adopted by the Fourth Circuit in Barber
v. Kimbrell's, Inc., 577 F.2d 216 (4th Cir. 1978). In
calculating an award of attorneys' fees, a court must first
determine a lodestar figure by multiplying the number of
reasonable hours expended multiplied by a reasonable rate.
Grissom v. The Mills Corp., 549 F.3d 313, 320 (4th Cir. 2008).
In deciding what constitutes a "reasonable" number of hours and
rate, a district court's discretion should be guided by the
following twelve factors:

> (1) the time and labor expended; (2) the novelty and
> difficulty of the questions raised; (3) the skill
> required to properly perform the legal services
> rendered; (4) the attorney's opportunity costs in
> pressing the instant litigation; (5) the customary fee
> for like work; (6) the attorney's expectations at the
> out-set of the litigation; (7) the time limitations
> imposed by the client or circumstances; (8) the amount
> in controversy and the results obtained; (9) the
> experience, reputation and ability of the attorney;
> (10) the undesirability of the case within the legal
> community in which the suit arose; (11) the nature and
> length of the professional relationship between
> attorney and client; and (12) attorneys' fees awards
> in similar cases.

7

Robinson v. Equifax Info. Servs., 560 F.3d 235, 243-44 (4th Cir.
2009).  The Court need not address all twelve factors
independently because "such considerations are usually subsumed
within the initial calculation of hours reasonably expended at a
reasonable hourly rate."  Hensley v. Eckerhart, 461 U.S. 424,
434 n.9 (1983).

In calculating the lodestar, "determination of the hourly
rate will generally be the critical inquiry in setting the
reasonable fee." Plyler v. Evatt, 902 F.2d 273, 277 (4th Cir.
1990).  In making this calculation, "the court must necessarily
exclude any hours that are 'excessive, redundant, or otherwise
unnecessary,' and therefore not reasonably expended on the
litigation."  J.R. Lilienthal, 322 F. Supp. 2d at 670 (quoting
Hensley, 461 U.S. at 434).  The court's discretion to award fees
necessarily encompasses the ability to depart from the lodestar
in appropriate circumstances.  Id.  In exercising this
discretion the court looks to the twelve Johnson factors.
Robinson, 560 F.3d at 243-44.

After determining the lodestar figure, the "court then
should subtract fees for hours spent on unsuccessful claims
unrelated to successful ones."  Grissom, 549 F.3d at 321
(quoting Johnson v. City of Aiken, 278 F.3d 333, 337 (4th Cir.
2002)).  Then the court awards some percentage of the remaining

8

amount, depending on the degree of success enjoyed by the plaintiff. Id.

Plaintiff has submitted declarations and time records to support the time expended and the rates sought.  Sarah Naji, an associate from the law firm of Slevin & Hart, P.C., performed most of the legal work in this case by drafting the complaint, preparing and arguing a motion to dismiss a counterclaim, drafting and responding to discovery, preparing and arguing a motion for summary judgment, and preparing for trial.  Mark Rifkind, a principal in the firm, provided supervision throughout the case and dealt with preparing for a deposition that was cancelled.  Four legal assistants provided support during the case, James Cartales, Eva Shufflebarger, Joseph Mays, and Ruth Ann Mueller, whenever possible.  Attorneys for the Fund spent approximately 231 hours on this case.  The Court finds this amount of time to be excessive, considering that the Defendant paid the amounts due prior to extensive discovery and trial.  Fifty percent of the time should be adequate to file the Complaint, participate in limited discovery, and petition for attorneys' fees and liquidated damages.

The community in which a court sits is the appropriate starting point for selecting the appropriate hourly rate.  Nat'l Wildlife Fed'n v. Hanson, 859 F.2d 313, 317 (4th Cir. 1988). Plaintiff submitted the declaration of John Harney, an attorney

9

who practices ERISA litigation in the Eastern District of
Virginia, in support of the rates sought. Mr. Harney reviewed
the billing records in this matter and states that the rates
charged by the attorneys in this case are within the range of
the prevailing market rates for similar practitioners in the
Eastern District of Virginia.

Marc Rifkind's and Sarah Naji's billing rates are $290/hour
and $260/hour, respectively. The Defendant has not contested
the reasonableness of Plaintiff's counsels' hourly rates and the
Court finds that the rates for work performed in this matter are
reasonable. However, the fees requested will be reduced by
fifty percent because of the excessive amount of hours as
described above.

Pursuant to ERISA Section 502(g)(2), the Fund is entitled
to recover reasonable costs as well. The costs include charges
for court filing fees, service of process, Lexis research,
photocopying, Pacer research, and telephone calls in the amount
of $3,858.12. An appropriate Order shall issue.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
August _13_ , 2013

10

# EXHIBIT 6

Case 1:13-cv-01159-AJT/TCB Document 14 Filed 03/20/14 Page 10 of 47 PageID# 153

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

BOARD OF TRUSTEES, SHEET METAL )
WORKERS' NATIONAL PENSION )
FUND, *et al.,* )
                   )
             Plaintiffs, )
                   )
v. ) Civil Action No. 1:13-cv-1159 (AJT/TCB)
                   )
SUPERIOR BALANCE & )
COMMISSIONING, INC., )
                   )
             Defendant. )
_____ )

## ORDER

This matter is before the Court on the Report and Recommendation (Doc. No. 13) of the

Magistrate Judge recommending that default judgment be entered against defendant Superior

Balance & Commissioning, Inc. ("Superior Balance") in favor of plaintiffs Board of Trustees,

Sheet Metal Workers' National Pension Fund ("NPF"), the Board of Trustees for the Sheet Metal

Workers' National Supplemental Savings Plan ("NSSP"), the Board of Trustees of the

International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), the

Board of Trustees of the National Energy Management Institute Committee ("NEMI"), the

Board of Trustees of the Sheet Metal Occupational Health Institute Trust ("SMOHIT"), the Sheet

Metal Workers' International Association Scholarship Fund ("Scholarship Fund") and the

Stabilization Agreement for the Sheet Metal Industry ("SASMI") (collectively, "plaintiffs" or

"Funds") in the amount of $5,432.95 for the sum of unpaid contributions. The Magistrate Judge

also recommends that default judgment be entered against defendant in the amount of $1,045.81

in interest calculated at 0.0233 percent, compounded daily, through December 5, 2013,

$1,086.01 in liquidated damages, $757.70 in late fees and $5,206.28 in attorneys' fees and costs.

The Court conducted a *de novo* review of the evidence in this case and adopts and incorporates the findings and recommendations of the Magistrate Judge. Accordingly, it is hereby

ORDERED that Plaintiffs' motion for default judgment (Doc. No. 7) be, and the same hereby is, GRANTED; it is further

ORDERED that default judgment be, and the same hereby is, entered against defendant in favor of plaintiff Board of Trustees, Sheet Metal Workers' National Pension Fund ("NPF") in the amount of $1,386.18 in unpaid contributions; $277.14 in liquidated damages; $264.78 in accrued interest through December 5, 2013; and late fees in the amount of $276.27; plus interest accruing from December 5, 2013 until the date of payment accruing at the rate of 12% per annum, for a total award to plaintiff NPF of $2,204.37, plus interest; and it is further

ORDERED that default judgment be, and the same hereby is, entered against defendant in favor of plaintiff Board of Trustees for the Sheet Metal Workers' National Supplemental Savings Plan ("NSSP") in the amount of $536.89 in unpaid contributions; $107.28 in liquidated damages; $102.44 in accrued interest through December 5, 2013; and late fees in the amount of $106.55; plus interest accruing from December 5, 2013 until the date of payment accruing at the rate of 12% per annum, for a total award to plaintiff NSSP of $853.16, plus interest; and it is further

ORDERED that default judgment be, and the same hereby is, entered against defendant in favor of plaintiff Board of Trustees of the International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI") in the amount of $335.16 in unpaid contributions; $66.96 in liquidated damages; $62.76 in accrued interest through December 5, 2013; and late fees in the amount of $73.19; plus interest accruing from December 5, 2013 until the date of payment

2

accruing at the rate of 12% per annum, for a total award to plaintiff ITI of $538.07, plus interest;
and it is further

ORDERED that default judgment be, and the same hereby is, entered against defendant
in favor of plaintiff Board of Trustees of the Sheet Metal Occupational Health Institute Trust
("SMOHIT") in the amount of $55.93 in unpaid contributions; $11.11 in liquidated damages;
$10.47 in accrued interest through December 5, 2013; and late fees in the amount of $11.97; plus
interest accruing from December 5, 2013 until the date of payment accruing at the rate of 12%
per annum, for a total award to plaintiff SMOHIT of $89.48, plus interest; and it is further

ORDERED that default judgment be, and the same hereby is, entered against defendant
in favor of plaintiff Board of Trustees of the National Energy Management Institute Committee
("NEMI") in the amount of $83.86 in unpaid contributions; $16.69 in liquidated damages;
$15.74 in accrued interest through December 5, 2013; and late fees in the amount of $17.86; plus
interest accruing from December 5, 2013 until the date of payment accruing at the rate of 12%
per annum, for a total award to plaintiff NEMI of $134.15, plus interest; and it is further

ORDERED that default judgment be, and the same hereby is, entered against defendant
in favor of plaintiff Sheet Metal Workers' International Association Scholarship Fund
("Scholarship Fund") in the amount of $55.93 in unpaid contributions; $11.11 in liquidated
damages; $10.47 in accrued interest through December 5, 2013; and late fees in the amount of
$11.97; plus interest accruing from December 5, 2013 until the date of payment accruing at the
rate of 12% per annum, for a total award to plaintiff Scholarship Fund of $89.48, plus interest;
and it is further

ORDERED that default judgment be, and the same hereby is, entered against defendant
in favor of plaintiff Stabilization Agreement for the Sheet Metal Industry ("SASMI") in the
amount of $2,979.00 in unpaid contributions; $595.72 in liquidated damages; $579.15 in accrued

3

interest through December 5, 2013; and late fees in the amount of $259.89; plus interest accruing

from December 5, 2013 until the date of payment accruing at the rate of 12% per annum, for a

total award to plaintiff SASMI of $4,413.76, plus interest; and it is further

     ORDERED that default judgment be, and the same hereby is, entered against defendant

in favor of plaintiffs in the amount of $5,206.28 in attorneys' fees and costs.

     The Clerk is directed to enter judgment in accordance with this Order pursuant to Fed. R.

Civ. P. 58 and to forward copies of this Order to all counsel of record and to:

> Superior Balance & Commissioning, Inc.
> Greg Glendenning, Registered Agent
> 3316 Barbera Street
> Greeley, CO 80634

                          Anthony V. Trenga
                          United States District Judge

Alexandria, Virginia
March 20, 2014

4

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

BOARD OF TRUSTEES, SHEET      )
METAL WORKERS' NATIONAL       )
PENSION FUND, <u>et al.</u>,  )
    Plaintiffs,  )
                )
      v.  ) Civil Action No. 1:13cv1159
                )
SUPERIOR BALANCE &            )
COMMISSIONING, INC.,          )
    Defendant.   )
                )

<u>REPORT AND RECOMMENDATION</u>

This matter came before the Court on plaintiffs' Motion for
Default Judgment. (Dkt. 7.) When no representative for
defendant appeared at the hearing on February 7, 2014, the
undersigned Magistrate Judge took the matter under advisement to
issue this Report and Recommendation.

I.   <u>INTRODUCTION</u>

**A.   Background**

Plaintiffs are the Board of Trustees of the Sheet Metal
Workers' National Pension Fund ("NPF"), the Board of Trustees
for the Sheet Metal Workers' National Supplemental Savings Plan
("NSSP"), the Board of Trustees of the International Training
Institute for the Sheet Metal and Air Conditioning Industry
("ITI"), the Board of Trustees of the National Energy Management

1

Institute Committee ("NEMI"), the Board of Trustees of the Sheet
Metal Occupational Health Institute Trust ("SMOHIT"), the Sheet
Metal Workers' International Association Scholarship Fund
("Scholarship Fund"), and the Stabilization Agreement for the
Sheet Metal Industry ("SASMI") (collectively, "plaintiffs" or
"Funds").  Plaintiffs are fiduciaries of employee benefit plans
and trust funds established and maintained under 29 U.S.C. §
186(c) and 29 U.S.C. § 1002.  (Complaint ("Compl.") ¶ 5.)

Defendant is a corporation and employer in an industry
affecting commerce that does business with the plaintiff Funds.
(Id. ¶ 6.)  At all times relevant to this action, defendant was
a party to a collective bargaining agreement with Sheet Metal
Workers' International Association, Local Union No. 9 ("the
Union").  (Id. ¶¶ 8-9.)  Defendant also agreed to abide by the
terms of the agreements and declarations of trust ("Trust
Agreements") establishing the Funds.  (Id. ¶¶ 11-12.)

Plaintiffs filed this action under §§ 502 and 515 of the
Employee Retirement Income Security Act ("ERISA"), as amended,
29 U.S.C. §§ 1132(g)(2) and 1145, and Section 301 of the Labor
Management Relations Act ("LMRA"), 29 U.S.C. § 185, which govern
suits among parties to enforce provisions of their collective
bargaining agreements.  (Id. ¶ 1.)  They seek unpaid

2

contributions, interest, liquidated damages, late fees, and
attorneys' fees and costs pursuant to ERISA, LMRA, and the
collective bargaining agreement with the Union. (Id.)

### B. Jurisdiction and Venue

Jurisdiction and venue are conferred upon this Court by 29
U.S.C. §§ 1132 and 1451. Where an action is brought under
Sections 502 and 515 of ERISA in a district court of the United
States, it may be brought in the district where the plan is
administered, where the breach took place, or where a defendant
resides or may be found. 29 U.S.C. § 1132(e)(2). Moreover, a
suit for breach of contract between an employer and a labor
organization representing employees in an industry affecting
commerce may be brought in federal district court, regardless of
the amount in controversy or citizenship of the parties. 29
U.S.C. §§ 185(a). The plaintiff Funds bringing this action are
administered in this district. (Compl. ¶ 3.)

This Court has personal jurisdiction over defendant
pursuant to the decision in Bd. of Trs., Sheet Metal Workers
Nat'l Pens. Fund v. McD Metals, Inc., 964 F. Supp. 1040, 1045
(E.D. Va. 1997). Defendant does business with plaintiffs that
is sufficient to create personal jurisdiction over defendant in
this district, and a substantial part of the events or omissions

giving rise to the claim occurred in this district.

## C.   Service of Process

On November 14, 2013, plaintiffs' private process server served defendant by delivering a copy of the original Complaint and Summons to Greg Glendenning, defendant's registered agent, at 3316 Barbera Street, Greeley, Colorado, 80634.  (Dkt. 4.) Therefore, service was proper under Federal Rules of Civil Procedure 4(e) and 4(h) and 29 U.S.C. § 1132(e)(2), which provides that process may be served in any district where a defendant resides or may be found.

## D.   Grounds for Default Judgment

Defendant has not appeared, answered, or otherwise filed any responsive pleadings in this case.  On December 17, 2013, the Clerk of this Court entered default pursuant to plaintiffs' Request for Entry of Default and Federal Rule of Civil Procedure 55.  (Dkt. 6.)  Plaintiffs filed their Motion for Default Judgment on January 10, 2014.  (Dkt. 7.)

## II.   FINDINGS

Based on the Complaint, plaintiffs' Motion for Default Judgment and the supporting Memorandum, the Declaration of Walter Shaw, the Declaration of Elizabeth Anne Coleman, and the documents submitted in proof of damages, the undersigned makes

4

the following findings of fact.

Plaintiffs bring this action under §§ 502 and 515 of ERISA
and under § 301 of the LMRA.  (Compl. ¶ 1.)  Defendant owes
plaintiffs certain obligations pursuant to the terms of the
collective bargaining agreement and the Trust Agreements for the
Funds (collectively, "the Agreements").  (Id. ¶¶ 9-12.)  The
Sheet Metal Workers' International Association Local Union No. 9
approved the labor contract on plaintiffs' behalf.  (Shaw Decl.
¶ 2 (Dkt. 9).)

The Agreements require defendant to submit monthly
contributions to plaintiffs on behalf of all covered employees.
(Compl. ¶¶ 10-11.)  In addition to monthly contributions, the
Agreements require defendant to submit monthly remittance
reports on which the defendant is to list "the amount of
contributions due to the Funds on the basis of all hours worked
by its covered employees."  (Id. ¶ 13.)  The completed
remittance reports and accompanying contributions are due to the
Funds by the twentieth day after the end of each month for hours
worked in that month.  (Id. ¶ 14.)

Defendant has failed to make the required monthly
contributions for the month of November 2009, the period of July
2011 through April 2012, and the months of June 2012 and July

5

2012.  (Shaw Decl. ¶ 5.)  For this period, defendant is liable
to the Funds for these delinquent contributions in the total
amount of $5,432.95, which accounts for $1,386.18 to NPF,
$536.89 to NSSP, $335.16 to ITI, $83.86 to NEMI, $55.93 to
SMOHIT, $55.93 to the Scholarship Fund, and $2,979.00 to SASMI.
(Shaw Decl. ¶ 4, Ex. 3 (Dkt. 9-3).)  Pursuant to the Agreements
and under § 502(g)(2) of ERISA, plaintiffs are entitled to
recover any unpaid contributions as well as, interest,
liquidated damages, and attorneys' fees for unpaid
contributions.

### A.    Contributions and Fees

Under ERISA, the LMRA, and the Agreements, the Funds may
recover the following: (1) the full amount of unpaid
contributions; (2) interest on unpaid contributions to be
calculated at a rate of 0.0233 percent per day, compounded
daily, until the date paid; (3) liquidated damages in an amount
equal to the greater of (i) the interest on delinquent
contributions, or (ii) 20 percent of the delinquent payments;
and (4) reasonable attorneys' fees.  (Compl. 5-6; Mem. Supp.
Mot. Default J. 5-6.)  The amounts now due are summarized as
follows:

6

| Fund | Contribs. | Interest | Liq. Dam. | Late Fees | Total |
|------|-----------|----------|-----------|-----------|-------|
| NPF | $1,386.18 | $264.78 | $277.14 | $276.27 | $2,204.37 |
| NSSP | $536.89 | $102.44 | $107.28 | $106.55 | $853.16 |
| ITI | $335.16 | $62.76 | $66.96 | $73.19 | $538.07 |
| NEMI | $83.86 | $15.74 | $16.69 | $17.86 | $134.15 |
| SMOHIT | $55.93 | $10.47 | $11.11 | $11.97 | $89.48 |
| Sch. Fund | $55.93 | $10.47 | $11.11 | $11.97 | $89.48 |
| SASMI | $2,979.00 | $579.15 | $595.72 | $259.89 | $4,413.76 |
| TOTAL | $5,432.95 | $1,045.81 | $1,086.01 | $757.70 | $8,322.47 |

(Shaw Decl. ¶¶ 4-9, Ex. 3 (Dkt. 9-3).)

## B. Attorneys' Fees and Costs

Plaintiffs also request attorneys' fees in the amount of $4,565.00 based on 0.4 hours of counsel time at a rate of $300 per hour, 1.2 hours of counsel time at a rate of $280 per hour, 2.9 hours of counsel time at a rate of $270 per hour, 1.4 hours of counsel time at a rate of $260 per hour, 0.2 hours of legal assistant time at a rate of $170 per hour, 5.0 hours of legal assistant time at a rate of $155 per hour, 10.1 hours of legal assistant time at a rate of $150 per hour, and 4.4 hours of legal assistant time at a rate of $145 per hour. (Coleman Decl. ¶ 5.) They also request an award of costs in the amount of

7

$641.28. (Id. ¶ 6.) In support of this request, plaintiffs submitted the Declaration of Elizabeth Anne Coleman and a time and expense report from Slevin & Hart, P.C. (Dkts. 10 and 10-1.)

The undersigned finds that the amounts submitted are reasonable compensation for work necessarily expended to enforce plaintiffs' rights. If further action is required to enforce and collect this judgment, plaintiffs may apply to this Court or to the court in which enforcement is sought for reasonable attorneys' fees and costs in addition to those set out in this Report and Recommendation.

### III. <u>RECOMMENDATION</u>

The undersigned recommends that plaintiffs should recover from defendant $5,432.95, the sum of unpaid contributions. Plaintiffs should also recover $1,045.81 in interest calculated at 0.0233 percent, compounded daily, through December 5, 2013, $1,086.01 in liquidated damages, and $757.70 in late fees.

Finally, the undersigned recommends that plaintiffs should recover from defendant $5,206.28 in attorneys' fees and costs.

IV.  <u>NOTICE</u>

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service.  Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to defendant at:


      Superior Balance & Commissioning, Inc.
      Greg Glendenning, Registered Agent
      3316 Barbera Street
      Greeley, CO  80634


                                              /s/
                                  THERESA CARROLL BUCHANAN
                                  UNITED STATES MAGISTRATE JUDGE


February 10, 2014
Alexandria, Virginia