IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| BOARD OF TRUSTEES SHEET METAL WORKERS' NATIONAL PENSION FUND, *et al.*, | ) ) ) ) |
| Plaintiffs, | ) Case No. 1:22-cv-1294-PTG-WEF |
| v. | ) ) ) |
| NEW YORK CHUTES, LLC, | ) ) |
| Defendant. | ) ) |

**MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO SET ASIDE DEFAULT**

For the reasons stated below, the entry of default against Defendant New York Chutes, LLC ("NY Chutes") should be set aside.

**BACKGROUND**[1]

1. Although, this case initially involved an allegation by Plaintiffs of a significant failure to pay contributions by NY Chutes (*see* Dkt. 1, ¶ 26), Plaintiffs have since reduced their claim to an allegation of unpaid contributions arising out of a single job. (*See* Dkt. 65-2, p. 13 of 18.)

2. The job at issue was NY Chutes' installation of a laundry chute at the Graduate Hotel (the "Graduate Hotel Work"). *See* Exhibit A (Feb. 1, 2019 Proposal).

3. NY Chutes obtained this work by submitting a proposal to Wilkinson Hi-Rise ("WHR") on February 1, 2019. *Id.*

---

[1] This section is based on both the documents submitted by Plaintiff and facts for which Defendant is prepared (if permitted) to offer testimony to support.

4. In creating its proposal, NY Chutes assumed (incorrectly) that the all-cost-accounted-for rate of union labor to perform the work needed would be over $200. Based on that assumption, NY Chutes proposed a bid of $35,000 to complete the job.

5. WHR accepted NY Chutes' proposal. *See id.* By accepting the proposal, WHR was obligated to pay NY Chutes upon completion of the work, regardless of NY Chutes' actual costs.

6. To perform the Graduate Hotel Work, NY Chutes needed 79.25 hours of labor. NY Chutes used union workers for this work and paid each worker their proper rates, and made all required contributions.

7. Because NY Chutes overestimated its labor costs on the Graduate Hotel Work, the company made a profit of approximately $25,000 on that work.

8. In the Plaintiff's audit of NY Chute's records, the auditor made the entirely unfounded assumption that because the contract price for the Graduate Hote Work was $35,000, it somehow must have required NY Chutes to perform over 636 hours of labor to complete the job. (*See* Dkt. 65-2, at 13, 17.)[2]

9. There is simply no basis to this assumption.

10. As best as can be discerned, other than the contract price, the auditor did not find *any evidence* that NY Chutes had used more than 79.25 hours on the Graduate Hotel Work. (*See id.*) That is because there is none.

---

[2] The auditor simply took the contract price of $35,000 and divided it by the journeyman wage rate to come up with this wildly incorrect hours estimate. (*See* Dkt. 65-2 at 17.)

11. Plaintiffs' claim for unpaid contributions in this case is based entirely on the auditor's unfounded assertion in its report.[3]

12. Because NY Chutes provided all required contributions for all of the hours actually worked on the Graduate Hotel Work, Plaintiff's claim in this matter has no merit.

## ARGUMENT

Under Rule 55(c), the Court may set aside an entry of default for good cause. Good cause exists based on the following:

13. For the reasons outlined above, NY Chutes has a meritorious defense, and is likely to succeed in a trial of this matter.

14. Although NY Chutes has not filed a proper answer in the case, it has not been entirely absent. At the start of the action, NY Chutes attempted to file a *pro se* answer, which was struck by the Court. (Dkt. 5, 12.)

15. Since that time, NY Chutes has had significant communication with Plaintiffs' Counsel, as well as the Court's clerks. In addition, NY Chutes has provided requested information to Plaintiffs and their auditors.

16. Because of NY Chutes informal participation in this case, Plaintiffs have not suffered significant prejudice due to Defendant's failure to file a formal Answer. Moreover, Plaintiffs would not suffer significant prejudice if the entry of default were set aside.

Dated: December 7, 2023               Respectfully submitted,

                                      */s/ Micah E. Ticatch*
                                      MICAH E. TICATCH
                                      Virginia Bar No. 83351

---

[3] As best as can be discerned, Plaintiffs do not actually lay out their calculation of damages, but rather just include numbers in the relevant declaration. (*See* Dkt. 65-3, ¶ 3.)

3

                                                ISLER DARE, P.C.
                                                1945 Old Gallows Road, Suite 650
                                                Vienna, Virginia 22182
                                                Telephone: (703) 748-2690
                                                Facsimile: (703) 748-2695
                                                E-Mail: mticatch@islerdare.com
                                                *Counsel for Defendant*
                                                *New York Chutes, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of December 2023, I electronically filed the foregoing with the Clerk of the U.S. District Court for the Eastern District of Virginia using the CM/ECF system, which automatically sends the foregoing via email to:

>Diana M. Bardes, Esq. (VA Bar No. 81831)
>Mooney, Green, Saindon, Murphy & Welch, P.C.
>1920 L Street, NW, Suite 400
>Washington, D.C. 20036
>(202) 783-0010
>(202) 783-6088 (facsimile)
>dbardes@mooneygreen.com
>*Counsel for Plaintiff Funds*

>*/s/ Micah E. Ticatch*
>MICAH E. TICATCH
>Virginia Bar No. 83351
>ISLER DARE, P.C.
>1945 Old Gallows Road, Suite 650
>Vienna, Virginia 22182
>Telephone: (703) 748-2690
>Facsimile: (703) 748-2695
>E-Mail: mticatch@islerdare.com
>*Counsel for Defendant*
>*New York Chutes, LLC*