**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | |
|---|---|
| **BOARD OF TRUSTEES SHEET METAL** ) <br> **WORKERS' NATIONAL PENSION FUND,** ) <br> ***et al.,*** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> **v.** ) <br> ) <br> **NEW YORK CHUTES, LLC,** ) <br> ) <br> **Defendant.** ) <br> ————————————————————— ) | **Case No. 1:22-cv-1294-PTG-WEF** |

<u>**DECLARATION OF JAMES FOX**</u>

I, James Fox, under penalty of perjury, do hereby declare and say:

1.  I am an adult and competent to make this declaration. I have personal knowledge of all facts set forth in this Declaration.

2.  I am co-owner, along with my wife, of New York Chutes, LLC ("NY Chutes").

3.  During the relevant time period, NY Chutes primarily engaged in work that was not covered by the union contract.

4.  Contrary to this reality, Plaintiffs initially took the position in the matter, that all of NY Chutes work was covered by the union contract. Plaintiffs have since agreed that most of NY Chutes work was not covered by the union contract.

5.  My understanding is that Plaintiffs' only remaining claim is that NY Chutes failed to provide required benefits related to a single job, which took place at the Graduate Hotel in Roosevelt Island, New York (the "Graduate Hotel Work").

6.  In early 2019, I learned of the opportunity with Wilkinson Hi-Rise ("WHR") for NY Chutes to bid on a laundry chute installation, which required union labor, at the Graduate Hotel.

7.  NY Chutes does not typically perform installation projects. Prior to bidding the Graduate Hotel installation, NY Chutes had done only one other installation several years before.

8.  On February 1, 2019, NY Chutes submitted a bid to WHR for the Graduate Hotel Work in the amount of $35,000. A true and correct copy of that bid is attached as Exhibit A.

1

9.     The $35,000 bid was based in part on an assumption on my part that once all costs were accounted for, union labor on the project would cost over $200 per hour. The number was also based on a desire for a significant cushion in case the labor hours ended up being more than I anticipated. Additionally, the number was set at a point where NY Chutes would profit from the work.

10.     On the same day NY Chutes submitted the bid for the Graduate Hotel Work, WHR accepted the proposal. *See id.* By accepting the proposal, WHR was obligated to pay NY Chutes upon completion of the work, regardless of NY Chutes' actual costs.

11.     In performing the Graduate Hotel Work, NY Chutes used union labor totaling 79.25 hours. NY Chutes made all required payments to those workers, including all required pension contributions.

12.     In addition to the union labor, NY Chutes employed Edwin Rivera as a supervisor of the job. Mr. Rivera only supervised and did not touch any tools or materials. My understanding is Plaintiffs agree that Mr. Rivera's supervision was not covered by the union contract. *See* Dkt. 65-2, p. 13.

13.     My understanding is that Plaintiffs' current claim against NY Chutes is based entirely on the faulty premise that the company somehow failed to pay adequate pension contributions for the Graduate Hotel Work.

14.     NY Chutes, did in fact, pay all required contributions for the 79.25 hours worked on the Graduate Hotel Work. My understanding is Plaintiffs do not dispute this fact. *See* Dkt. 65-2 at 13.

15.     Rather Plaintiffs' auditor seems to have "estimated" that the Graduate Hotel Work required 636.71 hours of labor, and that as a consequence NY Chutes must have somehow had 557.46 hours of unaccounted for labor. *See id.* at 17.

16.     As best as I can tell, the auditor simply took the Graduate Hotel Work contract price of $35,000 and divided it by journeyman rate of $54.97 to come up with its "estimate" of hours. *Id.*

17.     The auditor's analysis has no connection with what actually happened. As previously stated, the only labor that NY Chutes utilized on the Graduate Hotel Work was the 79.25 hours that all parties agreed have been reported and paid.

**I declare under the penalty of perjury, that the foregoing is true and correct to the best of my knowledge information and belief.**

Executed this 11th day of December 2023.

2

James Fox

# EXHIBIT A

# NEW YORK CHUTES LLC
### dba NY Chutes
### P.O. Box 20225
### Newark, NJ  07102
### nychutes@gmail.com
### (973) 568-1588

| | | | |
|---|---|---|---|
| **To**: | **Wilkinson Hi-Rise**<br>**(WHR)** | **Proposal #:** | **2019-103 (2)** |
| **Attn:** | **Mark Kavulich**<br>(239) 216-6626 (M)<br>(954) 342-4346 (O)<br>mkavulich@whrise.com | **Date:**<br><br>**Job:** | **Feb. 1, 2019**<br><br>**Graduate Hotel**<br>**Roosevelt Island, NYC** |

NY Chutes will provide **labor only** for the installation of laundry chute at the Graduate Hotel on Roosevelt Island, NYC.  This will include 13 floors of chute with doors; and two bypass floors, roughly estimated at 15 feet and 25 feet.  NY Chutes will also install the roof cap on the roof, and install the discharge door in the basement at the bottom of the chute.

**Not Included in this Proposal**:
No wiring of the doors, this proposal is for labor only for the installation of chute.
No stringing of wire or conduit will by done by NY Chutes.
Trucking is not included.

**WHR will:**
WHR will deliver all materials to the site.  Wait time in excess of 2 hours will be separately charged at $400 per hour, times the number of workers waiting.
WHR will provide two scissor lifts to be used in the 25 foot bypass floor.
WHR will pay for any out-of-pocket costs for badging, security checks, etc.

**TOTAL PROPOSAL:**                                                    $35,000

**Payment Terms:**
**$25,000 to be paid in advance, before work starts.  Remaining balance of $10,000 payable within 5 days of the installation of the discharge door.**

# NEW YORK CHUTES LLC
## dba NY Chutes
### P.O. Box 20225
### Newark, NJ  07102
nychutes@gmail.com
### (973) 568-1588

Proposal #:      2019-103 (2)

This proposal is made for acceptance within 30 days after above date, and shall not be binding on NY Chutes, until acknowledged in writing.

Accepted by:

_____          _____
Wilkinson Hi-Rise                                         New York Chutes LLC

____2/1/19_____                    ____2/1/2019_____
Date                                                          Date