IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| BOARD OF TRUSTEES SHEET METAL WORKERS' NATIONAL PENSION FUND, *et al.*, | ) ) ) ) |
| Plaintiffs, | ) ) Case No. 1:22-cv-1294-PTG-WEF |
| v. | ) ) ) |
| NEW YORK CHUTES, LLC, | ) ) |
| Defendant. | ) ) ) |

**REPLY IN FURTHER SUPPORT OF**
**DEFENDANT'S MOTION TO SET ASIDE DEFAULT**

Defendant submits this Reply brief in response to Plaintiffs' Opposition to Defendant's Motion to Set Aside Default ("Opp.") (Dkt. 74).

In deciding a motion to set aside a default, the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010).

**A.   Defendant Has a Strong and Meritorious Defense to Claim Related to the Graduate Hotel Work.**

As noted in Defendant's initial Memorandum (Dkt. 69), and in the initial Fox Declaration (Dkt. 73), Plaintiffs' claim related to the Graduate Hotel is wholly without basis. Plaintiffs' auditor simply looked at the amount NY Chutes was paid on the project and asserted, without any other basis, that Defendants must have used *over 600 hours* to complete a job that actually took less than 80 hours to complete. *See* Dkt. 65-2 at 17; Dkt. 69 at ¶¶ 6, 8-10; Dkt. 73, ¶¶ 13-17. The audit

report has no factual support for this assertion other than the fact that NY Chutes was paid $35,000 for the work.

In its Opposition, Plaintiffs argue that there is a "high standard on employers who dispute audit findings." Plaintiffs, however, do not cite any authority to support this statement. Instead, Plaintiff cite numerous cases that have held that when an employer fails to maintain adequate records, the burden can shift to the employer. *See, e.g., Combs v. King*, 764 F.2d 818, 827 (11th Cir. 1985); *Brick Masons Pension Tr. v. Indus. Fence & Supply, Inc.*, 839 F.2d 1333, 1337 (9th Cir. 1988); *Michigan Laborers' Health Care Fund v. Grimaldi Concrete, Inc.*, 30 F.3d 692, 696 (6th Cir. 1994).

But that is not *this* case. In this case, NY Chutes did maintain adequate records that show what actually happened — that 79.25 hours were performed on the Graduate Hotel Work. Plaintiffs' auditors cannot just assert missing hours without an adequate basis for that assertion, and then ask for deference on those contrived assertions.

Lastly, the Opposition states that NY Chutes has only put forth "conclusory assertions" in its initial memorandum and declaration. That is not accurate. NY Chutes has provided testimony from its owner stating under oath that the Graduate Hotel Work took 79.25 hours of labor. As Plaintiffs are aware, that testimony is supported by the records previously provided to the auditors. It is Plaintiffs, not Defendant, who seek to rely on bald-assertions in this matter, which lack an adequate factual basis.

**B.    Defendant Has a Strong and Meritorious Defense to the Claim Related to the "Subcontractors."**

Plaintiffs clarify in their Opposition that they are bringing a separate claim against NY Chutes related to "subcontractors" NY Chutes used in 2020. However, as explained in the concurrently filed Second Fox Declaration, this claim is also without merit.

In 2020, NY Chutes did not perform any work that was covered by the union contract. Second Declaration of James Fox ¶ 5. NY Chutes' understanding is that Plaintiffs' auditor agrees with this statement.

Nonetheless, the auditor included estimated hours for the 2020 independent contractors as requiring contributions. It is unclear what the auditor's basis was for this conclusion. In reality, none of the independent contractors performed union work, or work covered by the contract's "No Subcontracting Clause." *Id.*, ¶¶ 5-6. And none of the contractors were members of the union. *Id.*, ¶ 7.

As best as can be discerned, Plaintiffs have no basis for this claim either, and NY Chutes is likely to prevail if the default is set aside.

**C.    Plaintiffs Have Not Suffered Prejudice.**

A plaintiff does not experience prejudice simply because of delay. *See, e.g., Colleton Preparatory Acad., Inc.,* 616 F.3d at 418. Rather in order to establish prejudice, a plaintiff needs to show that defendant "(1) made it impossible for the non-defaulting party to present some of its evidence; (2) made it more difficult for the nondefaulting party to proceed with trial; (3) hampered the non-defaulting party's ability to complete discovery; and (4) was used by the defaulting party to collude or commit a fraud." *Mullinex v. John Crane Inc.*, 636 F. Supp. 3d 622, 627 (E.D. Va. 2022). Plaintiffs do not make any attempt to show such prejudice.

Rather, Plaintiffs argue that they will experience "collection risk" because the Local Union has its own suit against Defendant in New York state court. This is just merely a complaint about delay and does not demonstrate prejudice. *See id.*

**D.    Other Factors**

The remainder of the Opposition is dedicated to restating that NY Chutes did not answer or make a formal appearance through counsel in this case in a timely manner. *See* Dkt. 74 at 8,

10-11.  While true, Plaintiffs fail to acknowledge that Defendant attempted to litigate this case *pro se* (*see* Dkt. 5) and has since: continued to be engaged informally in discussions with counsel; has provided relevant documents to opposing counsel; and has communicated with the Court repeatedly though its clerks.  To be sure, NY Chutes recognizes that its failure to timely answer through an attorney was improper.  However, given the fact that NY Chutes has been informally engaged in this case, and the strong reasons to believe it will prevail on the merits if permitted to do so, its error should not lead to a default judgment.

Defendant respectfully requests the default in this matter be set aside, and it be allowed to answer the Second Amended Complaint.

Dated: December 20, 2023                                      Respectfully submitted,

*/s/ Micah E. Ticatch*
MICAH E. TICATCH
Virginia Bar No. 83351
ISLER DARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
Telephone: (703) 748-2690
Facsimile: (703) 748-2695
E-Mail: mticatch@islerdare.com
*Counsel for Defendant*
*New York Chutes, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of December 2023, I electronically filed the foregoing with the Clerk of the U.S. District Court for the Eastern District of Virginia using the CM/ECF system, which automatically sends the foregoing via email to:

>Diana M. Bardes, Esq. (VA Bar No. 81831)
>Mooney, Green, Saindon, Murphy & Welch, P.C.
>1920 L Street, NW, Suite 400
>Washington, D.C. 20036
>(202) 783-0010
>(202) 783-6088 (facsimile)
>dbardes@mooneygreen.com
>*Counsel for Plaintiff Funds*

>>*/s/ Micah E. Ticatch*
>>MICAH E. TICATCH
>>Virginia Bar No. 83351
>>ISLER DARE, P.C.
>>1945 Old Gallows Road, Suite 650
>>Vienna, Virginia 22182
>>Telephone: (703) 748-2690
>>Facsimile: (703) 748-2695
>>E-Mail: mticatch@islerdare.com
>>*Counsel for Defendant*
>>*New York Chutes, LLC*

5