UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

BOARD OF TRUSTEES SHEET METAL )
WORKERS' NATIONAL PENSION FUND, )
*et al.*, )
)
)
Plaintiffs, )
) Civil Action No. 1:22cv1294 (PTG/WEF)
v. )
)
NEW YORK CHUTES, LLC, )
)
Defendant. )
)

## ORDER

This matter is before the Court on Plaintiffs' Motion for Default Judgment as to Defendant New York Chutes, LLC ("New York Chutes") (Dkt. 64) and Defendant New York Chutes' Motion to Set Aside Default (Dkt. 68).

On October 2, 2023, Plaintiffs filed their Second Amended Complaint. (Dkt. 59).[1] On

---

[1] Plaintiffs filed their Original Complaint on November 15, 2022. (Dkt. 1). Defendant attempted to Answer the Complaint *pro se* on December 14, 2022. (Dkt. 5). However, the Court struck Defendant's Answer because Defendant, a limited liability company, was not represented by licensed counsel. (Dkt. 12). On February 6, 2023, Plaintiff filed its first request for entry of default as to Defendant New York Chutes, which was entered by the Clerk on February 9, 2023. (Dkts. 15, 16). On March 6, 2023, Plaintiff filed a Motion for Leave to File Amended Complaint. (Dkt. 21). The Court granted Plaintiff's motion and the Amended Complaint was filed on March 7, 2023. (Dkts. 25, 28). Based on the Amended Complaint, Plaintiff then filed a second request for entry of default as to Defendant New York Chutes on March 23, 2023, which was entered by the Clerk on March 30, 2023. (Dkts. 29, 30). Plaintiff filed its first Motion for Default Judgment on March 31, 2023. (Dkt. 31). On July 5, 2023, the undersigned entered a Report and Recommendation, recommending the Court deny Plaintiffs' Motion for Default Judgment. (Dkt. 38). On July 19, 2023, Plaintiffs filed a Second Motion for Default Judgment (Dkt. 39), a Response to the Report and Recommendation (Dkt. 42), and an Objection to the Report and Recommendation (Dkt. 43). On July 25, 2023, the Court denied Plaintiffs' Second Motion for Default Judgment subject to the District Judge's ruling on the pending Report and Recommendation. (Dkt. 44). On August 22, 2023, the District Judge remanded the Report and

October 11, 2023, the Second Amended Complaint was served on Defendant New York Chutes (Dkt. 61). Defendant's response to the Second Amended Complaint was due November 1, 2023. On November 1, 2023, Plaintiffs requested entry of default as to Defendant New York Chutes. (Dkt. 62). The Clerk entered default as to Defendant New York Chutes on November 7, 2023. (Dkt. 63). On November 16, 2023, Plaintiffs filed the pending Motion for Default Judgment. (Dkt. 64).

Plaintiffs' Motion for Default Judgment (Dkt. 64) was set for a hearing on December 8, 2023 before the undersigned. On December 7, 2023, counsel for Defendant filed a notice of appearance (Dkt. 67), and Defendant filed its Motion to Set Aside Default (Dkt. 68) noticing the motion for a hearing on December 8, 2023 (Dkt. 70). Counsel for Plaintiff and Defendant New York Chutes appeared before the undersigned on December 8, 2023, at 10:00 a.m. (Dkt. 71). At the hearing, the Court ordered that Plaintiffs' Motion for Default Judgment and Defendant's Motion to Set Aside Default be continued until Friday, December 22, 2023 to allow both parties to fully brief the pending Motion to Set Aside Default. (Dkt. 72).

Defendant's Motion to Set Aside Default (Dkt. 68) has been fully briefed by the parties. (*See* Dkts. 69, 73, 74, 75). Upon review of the Motion to Set Aside Default and accompanying briefs, the Courts finds that oral argument would not aid the decisional process and dispenses with the hearing and finds as follows.

---

Recommendation to the undersigned to consider a new legal theory advanced by Plaintiffs for the first time in their challenge to the undersigned's Report and Recommendation. (Dkt. 47). On August 29, 2023, Plaintiffs refiled their Second Motion for Default Judgment (Dkt. 49) and a hearing was held on September 22, 2023 before the undersigned on the pending motion. (Dkt. 52). At the hearing, counsel for Plaintiffs appeared, and the Court ordered that Plaintiffs were permitted to file supplemental briefing in support of its Second Motion for Default Judgment. (Dkt. 53). On September 29, 2023, Plaintiffs filed a Motion to Withdraw the Second Motion for Default Judgment (Dkt. 54) and a Second Motion for Leave to File Amended Complaint (Dkt. 55), which was granted by the Court on October 2, 2023 (Dkts. 58, 60).

Pursuant to Federal Rule of Civil Procedure 55(c), the Court "may set aside an entry of default for good cause." The Fourth Circuit has "repeatedly expressed a strong preference that ... defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). Factors that the Court considers when deciding whether good cause exists to set aside entry of default include "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less dramatic." *Id.* (quoting *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006)).

Upon review of the entire record in this matter, the Court finds that, on balance, the relevant factors weigh in favor of setting aside the entry of default. In support thereof, the undersigned makes the following findings:

(1) For the reasons set forth in the undersigned's Report and Recommendation, the Defendant may have a meritorious defense to the claim;

(2) By attempting to enter an appearance *pro se*, the Defendant indicated an intent to challenge the claim from the onset of the litigation;

(3) Plaintiffs contributed to the delay in litigating this matter by filing multiple complaints and multiple motions seeking entry of a default judgment; and

(4) There is no material prejudice to the Plaintiffs by setting aside the default.

Accordingly, and for good cause shown, it is hereby

**ORDERED** that Defendant New York Chutes' Motion to Set Aside Default (Dkt. 68) is **GRANTED** and the Clerk shall vacate entry of default as to Defendant; it is further

**ORDERED** that Plaintiffs' Motion for Default Judgment (Dkt. 64) is **DENIED**; it is

further

**ORDERED** that Defendant shall file an answer or otherwise respond to the Second Amended Complaint within twenty-one (21) days of the date of this Order.

**ENTERED** this 21st day of December, 2023.

*William C Fitzpatrick*
WILLIAM E. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia